UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

TIMOTHY J. RIZZO,

      Plaintiff,   6:15-CV-00557 (MAD) (ATB)

 v.

           **SECOND AMENDED COMPLAINT**

GLOBALFOUNDRIES, U.S., INC. and  **DEMAND FOR JURY TRIAL**

APPLIED

MATERIALS, INC., and AM TECHNICAL

SOLUTIONS, INC.

       Defendants.

-------------------------------------------------------------------x

> **Formatted:** Space After:  10 pt, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: Not at  3.5" +  3.56"

   Plaintiff, by and the undersigned attorneys of record, Phillips & PaolicelliThe Mills Law Firm, LLP, as and for anSecond Amended Complaint against the defendants, GLOBALFOUNDRIES, U.S., INC. ("GLOBAL") and, APPLIED MATERIALS, INC. ("APPLIED"), and AM TECHNICAL SOLUTIONS, INC. ("AMTS"), state and allege as follows:

**NATURE OF ACTION**

   1.  This is an action to recover economic and non-economic damages resulting from personal injuries sustained by TIMOTHY J. RIZZO, who suffered catastrophic personal injuries while employed as an Engineer for M+W Group and later as a Construction Manager for Tool Install (Construction Area Lead) for AMTS and on

1



assignment at GLOBAL in Malta, New York from ~~May 2012~~the spring of 2011 through August 2012 and beyond.

2.      TIMOTHY J. RIZZO suffered acute, chronic and aggregate exposures to silica, nano silica, colloidal silica, silicon, and solvent solutions, names "Slurry 1" and "Slurry 2," including Trisilane and Trisilane compounds, and other hazardous organic solvents, chemicals (including but not limited to arsenic), gases, ionizing radiation, and heavy metals and any other materials which discovery will make known on the premises at the GLOBAL site in Malta, New York, and in particular, in the Chemical Metal Plating Room and Implant Area of Defendant GLOBAL's semiconductor plant "Fab 8."

3.      The chronic exposure occurred from ~~May 2012~~the spring of 2011 through August 2012 and beyond, and ~~an~~the acute exposure took place on August 2, 2012 and was the result of a malfunctioning tool, believed to be POL2700 (the "subject tool"), Viista Trident High Current Implanter and/or Viista Trident Medium Current Implanter, which were manufactured by Defendant APPLIED.

**PARTIES**

4.      Plaintiff, TIMOTHY J. RIZZO, resides in Fulton County, New York, which is within this judicial district, and is a resident of the State of New York.

2



5.      Defendant, GLOBAL, is a Delaware incorporated company having its headquarters and principal place of business at 2600 Great America Way, Santa Clara, California 95054.

6.      Defendant, GLOBAL, is a full-service semiconductor foundry and manufacturer.

7.      Upon information and belief, at all relevant times, GLOBAL was and still is a foreign corporation conducting continuous and systematic business activities in the State of New York.

8.      Upon information and belief, at all relevant times, GLOBAL owns, manages, operates and/or controls a semiconductor foundry and manufacturing facility called "Fab 8" in Malta, New York.  This facility is located in Saratoga County, New York, within the judicial district of this Court.

9.      Upon information and belief, at all relevant times, GLOBAL has hired and employed thousands of workers at its facilities in New York State.

10.     Upon information and belief, at all relevant times, GLOBAL, in person or through its agents, servants and/or employees, has invested billions of dollars to fund its facilities and business activities in New York State.

11.     Upon information and belief, at all relevant times, GLOBAL, in person or through its agents, servants and/or employees, regularly conducted and/or facilitated business in the State of New York.



12.     Upon information and belief, at all relevant times, GLOBAL, in person or through its agents, servants and/or employees, regularly derived substantial revenue from its business activities in the State of New York.

13.     Upon information and belief, at all relevant times, GLOBAL expected or should have expected its acts to have consequences within the State of New York and derived substantial revenue from interstate and international commerce.

14.     Upon information and belief, at all relevant times, GLOBAL owned, used or possessed real estate and/or bank accounts situated within the State of New York.

15.     At all relevant times, GLOBAL, in person or through its agents, servants and/or employees, was responsible for the day-to-day operations of the semiconductor manufacturing facility called "Fab 8" in Malta, New York.

16.     Defendant APPLIED is a Delaware incorporated company having its headquarters and principal place of business at 3050 Bowers Avenue, P.O. Box 58039, Santa Clara, California 95054.

17.     Defendant APPLIED is a manufacturer and distributor of products and services used in semiconductor manufacturing facilities, which acquired Varian Semiconductor Equipment Associates in or about May 2011.

18.     Upon information and belief, at all relevant times, APPLIED was and still is a foreign corporation conducting business activities in the State of New York.



19.     Upon information and belief, at all relevant times, APPLIED owns, manages, operates and/or controls sales, services, technology and/or manufacturing facilities in Malta, New York.

20.     Upon information and belief, at all relevant times, APPLIED has hired and employed workers at its facilities in New York State.

21.     Upon information and belief, at all relevant times, APPLIED, in person or through its agents, servants and/or employees had conducted continuous and systematic business activities in New York State.

22.     Upon information and belief, at all relevant times, APPLIED, in person or through its agents, servants and/or employees, regularly conducted and/or solicited business in the State of New York.

23.     Upon information and belief, at all relevant times, APPLIED, in person or through its agents, servants and/or employees, contracted to supply goods or services for delivery in New York State, including to Defendant, GLOBAL and/or Defendant AMTS.

24.     Upon information and belief, APPLIED, in person or through its agents, servants and/or employees, designed, manufactured, sold and/or distributed defective manufacturing tools, believed to be POL2700, Viista Trident High Current Implanter and Viista Trident Medium Current Implanter, which malfunctioned and was a substantial factor causing Plaintiff's exposures and injuries in Malta, New York.

5



25.     Upon information and belief, at all relevant times, APPLIED, in person or through its agents, servants and/or employees, regularly derived substantial revenue from its business activities in the State of New York.

26.     Upon information and belief, at all relevant times, APPLIED expected or should have expected its acts to have consequences within the State of New York and derived substantial revenue from interstate and international commerce.

27.     Upon information and belief, at all relevant times, APPLIED owned, used or possessed real property and/or bank accounts situated within the State of New York.

28.     Defendant AMTS is a Texas incorporated company having its headquarters and principal place of business at 2213 Ranch Road N STE 105, Austin, TX 78734-2669.

29.     Defendant AMTS is a provider of construction management, project management, and manufacturing facility solutions for use in semiconductor manufacturing facilities.

30.     Upon information and belief, at all relevant times, AMTS was and still is a foreign corporation conducting business activities in the State of New York.

31.     Upon information and belief, at all relevant times, AMTS owns, manages, operates, and/or controls sales, services, technology, and/or manufacturing facilities in Malta, New York.

6



32.     Upon information and belief, at all relevant times, AMTS has hired and employed workers at manufacturing facilities in New York State.

33.     Upon information and belief, at all relevant times, AMTS provides, contracts for, controls, and supervises employees at manufacturing facilities in New York State.

34.     Upon information and belief, at all relevant times, AMTS, in person or through its agents, servants and/or employees has conducted continuous and systematic business in New York State.

35.     Upon information and belief, at all relevant times, AMTS, in person or through its agents, servants or employees, regularly conducted and/or solicited business in the State of New York.

36.     Upon information and belief, at all relevant times, AMTS, in person or through its agents, servants and/or employees, contracted to supply goods or services for delivery in New York State, including to Defendant GLOBAL.

37.     Upon information and belief, AMTS, in person or through its agents, servants and/or employees hired, employed, and supervised TIMOTHY J. RIZZO in Malta, New York.

38.     Upon information and belief, AMTS, in person or through its agents, servants and/or employees, failed to properly train, provide necessary safety

7



equipment, supervise, or provide a safe working environment for TIMOTHY J. RIZZO in Malta, New York, and that such acts were the cause of Plaintiff's injuries.

39.    Upon information and belief, at all relevant times, AMTS, in person or through its agents, servants and/or employees, regularly derived substantial revenue from its business activities in the State of New York.

40.    Upon information and belief, at all relevant times, AMTS expected or should have expected its acts to have consequences within the State of New York and derived substantial revenue from interstate and international commerce.

41.    Upon information and belief, at all relevant times, AMTS owned, used or possessed real estate and/or bank accounts situated within the State of New York.

**JURISDICTION AND VENUE**

42.28.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (a) the matter in controversy exceeds $75,000.00 and (b) there is complete diversity of citizenship between plaintiff and defendants.

43.29.  Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over the Defendants because Defendants, either in person or through its agents, servants and/or employees are routinely present in the State of New York such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

8



~~44.~~30.  This Court has personal jurisdiction over the Defendants, pursuant to, and consistent with, the Constitutional requirements of Due Process in that the defendants acting either by themselves or through agents or apparent agents, servants and/or employees, committed on or more of the following:

    a.    transacted business in the State of New York;

    b.    committed a tortious act within the State of New York;

    c.    committed a tortious act within the state causing injury to person or property within the State of New York;

    d.    owned, used or possessed real estate situated in the State of New York;

    e.    made or performed a contract or promise substantially connected with the State of New York; or

    f.    made or performed a contract or promise anywhere to supply goods or services in the State of New York.

~~45.~~31.  Requiring Defendants to litigate this claim in the State of New York does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution.

~~46.~~32.  Venue is proper under 28 U.S.C. § 1391 because Plaintiff and Defendants reside in this judicial district, the events or omissions giving rise to the claim occurred in this judicial district, a substantial part of property that is the subject of this action is



THE MILLS LAW FIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

situated in this judicial district and/or the Defendants are subject to personal jurisdiction in this judicial district.

**GENERAL ALLEGATIONS**

33.    Plaintiff, TIMOTHY J. RIZZO, was first employed in 2009 by M+W Group as licensed engineer and worked at the GLOBAL site in Malta, New York.  In the spring of 2011 TIMOTHY J. RIZZO began assisting with work in GLOBAL's Fab 8 facility

47.34. In April 2012, Plaintiff, TIMOTHY J. RIZZO, became employed with AMTS is a thirty nine (39) year old man who had been employed as a Construction Manager for Tool Install (Construction Area Lead), which had contracted with GLOBAL to manage tool installation for AMTS since April 2012.

48.35. On or about May 2, 2012, AMTS placed TIMOTHY J. RIZZO on assignment at GLOBAL's Fab 8 facility in Malta, New York, where he worked continuously through August 2012 and beyond.

49.36. Plaintiff, TIMOTHY J. RIZZO, worked in construction management overseeing the construction of factories for the GLOBAL facility.

50.37. Upon information and belief, on August 2, 2012, while in the Chemical Metal Plating Room at Fab 8, a manufacturing tool, believed to be POL2700, malfunctioned and caused TIMOTHY J. RIZZO to suffer an acute exposure to toxic and hazardous substances, including, but not limited to, silica, nano silica, colloidal silica,

10



silicon and solvent solutions, named "Slurry 1" and "Slurry 2" and Trisilane and/or Trisilane compounds, as well as, dust, fumes, vapors and particles.

51.38.  Defendants currently have exclusive knowledge of the precise identities of the chemicals in use at the facility.

52.39.  Upon information and belief, the acute exposure was the result of a malfunctioning tool, believed to be POL2700, designed, produced, sold and/or manufactured by Applied.

53.40.  In addition to the above acute exposure from the malfunctioning tool, upon information and belief, TIMOTHY J. RIZZO was also exposed to toxic and hazardous substances, including but not limited to, arsenic emanating from a malfunctioning Viista Trident High Current Implanter and/or Viista Trident Medium Current Implanter, on a chronic basis at GLOBAL's Fab 8 facility, as well as dust, fumes, vapors, particles and nano particles at GLOBAL's Fab 8 facility and site from May 2012the spring 2011 through August 2012 and beyond.

54.41.  TIMOTHY J. RIZZO, having worked on site at GLOBAL's Fab 8 for approximately three (3) months years prior to the above incident, also experienced chronic and aggregate exposures to toxic and hazardous substances while on site at Fab 8, including, but not limited to exposure to, ionic radiation, arsenic, ammonium hydroxide, hydrochloric acid, hydrofluoric acid, isopropyl alcohols, nitirc acid, nitrogen, sulfuric acid, trichloroethylene and "non-flammable gas mixture" comprised



of oxygen, propane, isobutene, and nitrogen., T~~t~~he exact identities of any of the exposures ~~which~~ are within the exclusive knowledge of defendants.

~~55.~~42.  Upon information and belief, at all relevant times, the aforementioned chemicals and substances were manufactured, designed, sold, distributed or used in electronics manufacturing by defendants, GLOBAL and, APPLIED ~~and/or AMTS~~.

~~56.~~43.  Upon information and belief, at all relevant times, the malfunctioning POL2700 was manufactured, designed, sold and distributed by defendant APPLIED.

~~57.~~44.  Upon information and belief, at all relevant times, ~~AMTS and/or~~ GLOBAL failed to properly train, provide necessary personal protective equipment and safety equipment, supervise or provide a safe working environment for TIMOTHY J. RIZZO, which was a substantial factor in causing Plaintiff's exposures to the aforesaid chemicals and substances and resulting injuries.

~~58.~~45.  The exposure of TIMOTHY J. RIZZO to the aforesaid chemicals and substances was completely foreseeable and could or should have been anticipated by Defendants.

~~59.~~46.  At all relevant times, the aforesaid chemicals and substances were being used in the manner and for the purposes for which they were intended.

~~60.~~47.  At all relevant times, GLOBAL ~~and AMTS~~ failed to utilized proper measures to prevent its workers and others, including TIMOTHY J. RIZZO, from being exposed to these harmful chemicals and substances.



61.48. Soon following the exposure of August 2, 2012, TIMOTHY J. RIZZO notified GLOBAL ~~and AMTS~~ of the acute exposure incident and requested an incident report.

62.49. At all relevant times, Defendants failed to warn or advise TIMOTHY J. RIZZO of the dangerous characteristics of the chemicals and substances and of the health threats or adverse consequences of those who might use or be exposed to these chemicals and substances, through inhalation and dermal contact.

63.50. At all relevant times, Defendants failed to study, investigate, determine, impose or comply with reasonable standards and regulations to protect and promote the health and safety of, or minimize the dangers to those using or who would foreseeably use or be harmed by the aforesaid chemicals or substances, including TIMOTHY J. RIZZO.

64.51. Defendants made express and implied warranties and representations, incorrectly and untruthfully, that the aforesaid chemicals and substances were safe and suitable to use.

65.52. Motivated by a desire for unwarranted economic gain and profit, defendants willfully and recklessly ignored and concealed from TIMOTHY J. RIZZO's knowledge, of the health hazards of the aforementioned chemicals and substances and have thereby exhibited reckless disregard for the health and well-being of Plaintiff, and

THE MILLS LAW FIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

numerous others who work at defendants' premises or us or come into contact with Defendants' products and attendant hazardous substances.

66.53.  As a result of Defendants' negligence and misconduct, the aforesaid toxic chemicals and substances contaminated TIMOTHY J. RIZZO's workplace during the aforesaid periods of time.

67.54. Shortly after the August 2, 2012 acute exposure, TIMOTHY J. RIZZO developed an autoimmune disease that was diagnosed as cANCA positive Wegener's Granulomatosis an ANCA Associated Vasculitis.

68.55. As a result of defendants' negligence and misconduct, TIMOTHY J. RIZZO suffered and continues to suffer economic and noneconomic injuries, including, but not limited to the following personal injuries: cANCA positive Wegener's Granulomatosis  and ANACA Associated Vasculitis; neurological damage; lung damage; kidney failure; proteinuria; significant blood vessel damage; red and white blood cell dysfunction; vision impairment; hypertension; loss of reproductive health; swelling of connective tissue throughout the entire body; deep vein thrombosis in left leg; red rashes on joint areas; bloody blisters on large areas of skin; significant weight loss; hypertension; anemia and fatigue; physical disabilities; physical pain; emotional suffering; mental anguish; special damages, including but not limited to: medical expenses, lost income and earning opportunities, other economic loss, loss of enjoyment of lie's pleasures, emotional distress, fear of developing future associated illnesses and

14

THEMILLSLAWFIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

injuries, and decreased ability to engage in hobbies, recreational, social and family events, other significant pain and suffering and was otherwise injured and damaged. All of these damages are permanent.

69.56.  As a result of his injuries, TIMOTHY J. RIZZO has had to undergo extensive chemotherapy, plasmapheresis and steroid therapy, as well as other painful medical treatments and is anticipated to require future medical care and treatment as a result.

70.57.  The exposure to hazardous and toxic substances and the resulting injuries of TIMOTHY J. RIZZO were caused by, *inter alia*, the negligent and/or wrongful conduct of the defendants, as well as due to the defective nature and/or lack of necessary warnings on the subject tools, POL 2700, Viista Trident High Current Implanter and/or Viista Trident Medium Current Implanter, upon information and belief.

71.58.  By reason of all the foregoing, TIMOTHY J. RIZZO was caused to and did sustain serious personal injuries and significant economic loss.

72.59.  The personal injuries sustained by TIMOTHY J. RIZZO were caused solely by the acts and conduct of the Defendants, and without any negligence of the Plaintiff contributing thereto.

73.60.  This action falls within one or more of the exceptions of Article 16 of the New York Civil Procedure Law & Rules.



THE MILLS LAW FIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

74.61.  By reason of the foregoing, defendants, GLOBAL, ~~AMTS~~ and APPLIED, caused the personal injuries and damages sustained by TIMOTHY J. RIZZO.

## COUNT I

## NEGLIGENCE AGAINST DEFENDANT~~S~~ GLOBAL ~~AND AMTS~~

75.62.  Plaintiff repeats each and every allegation of all the preceding paragraphs of the Complaint, as though herein set forth at length.

76.63.  GLOBAL ~~and AMTS~~ had a duty to warn or advise plaintiff and others of the dangers and hazards of the aforesaid chemicals and substances, and the dangers posed to the health and welfare of those coming in contact with or using the aforesaid chemicals and substances.  GLOBAL ~~and AMTS~~ breached that duty by willfully, recklessly and negligently failing to refuse to warn or advise plaintiff and other of the dangers and hazards of the aforesaid chemicals and substances, and the dangers posed to the health and welfare of those coming in contact with or using the aforesaid chemicals, radiation and/or substances.

77.64.  GLOBAL ~~and AMTS~~ had a duty to provide needed, accurate and adequate warnings and information of the health hazards and dangers of the aforesaid chemicals and substances to plaintiff and those who would reasonably and foreseeably come into contact with, use or be harmed by them.  GLOBAL ~~and AMTS~~ breached that duty by willfully, recklessly and negligently failing to provide needed, accurate and adequate warnings and information of the health hazards and dangers of the aforesaid

16

chemicals, radiation and substances to plaintiff and those who would reasonably and foreseeably come into contact with, use or be harmed by them.

78.65.  GLOBAL and AMTS had a duty to study, investigate, ascertain, impose or comply with reasonable standards in regulations to protect and promote the health and safety of or minimize the dangers to those using or coming into contact with the aforesaid chemicals, radiation, and substances.  GLOBAL and AMTS breached that duty by willfully, recklessly and negligently failing to study, investigate, ascertain, impose or comply with reasonable standards and regulations to protect and promote the health and safety of or minimize the dangers to those using or coming into contact with the aforesaid chemicals, radiation, and substances.

79.66.  GLOBAL and AMTS had a duty to fully and properly test and study the aforesaid chemicals and substances to fully learn of the hazards associated with those products and their use.  GLOBAL and AMTS breached that duty by willfully, recklessly and negligently failing to fully and properly test and study the aforesaid chemicals, radiation, and substances to fully learn of the hazards associated with those products and their use.

80.67.  GLOBAL and AMTS had a duty to develop, make available, provide or promote the use of chemicals and substances which were free of defect and/or design the aforesaid chemicals and substances so as to prohibit or minimize their hazards. GLOBAL and MTS breached that duty by willfully, recklessly and negligently failing to

17

THEMILLSLAWFIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

develop, make available, provide or promote chemicals and substances which were free of defect and/or failing to design, manufacture, mix and use the aforesaid chemicals, radiation and substances so as to prohibit or minimize their hazards.

81.68.  GLOBAL and AMTS had a duty to provide instructions for potential safe methods of handling the aforesaid chemicals and substances to users or others foreseeably coming into contact with or using said chemicals.  GLOBAL and AMTS breached that duty by willfully, recklessly and negligently failing to provide instructions of safe or safer methods of handling the aforesaid chemicals, radiation or substances to users or others foreseeably coming in contact with or using said chemicals.

82.69.  GLOBAL and AMTS had a duty to examine, test, perform maintenance on, and properly maintain in a reasonably safe condition all manufacturing tools, including POL2700, Viista Trident High Current Implanter and/or Viista Trident Medium Current Implanter, the tools believed to have malfunctioned, at its Fab8 facility.   GLOBAL and AMTS breached that duty by willfully, recklessly and negligently failing to examine, test, perform maintenance on and properly maintain in a reasonably safe condition all manufacturing tools so as to prevent or minimize the risk of malfunction or exposure to this in the vicinity of the tools.

THE MILLS LAW FIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

83.70.  GLOBAL ~~and AMTS~~ had a duty to provide a safe place to work, and GLOBAL and AMTS breached that duty by negligently failing to provide a safe place to work.

84.71.  GLOBAL ~~and AMTS~~ negligently, recklessly and/or carelessly released chemicals into the premises located at the GLOBAL facility in Malta, New York, and failed to follow appropriate procedures to eliminate hazards related to the release of said chemicals.  Specifically, Defendant GLOBAL ~~and AMTS~~ knew or should have known of the health risks posed by the aforesaid chemicals and failed to exercise due care in preventing their release and taking remedial action to contain the toxic chemicals.

85.72.  GLOBAL ~~and AMTS~~ had a duty to provide training and safety equipment to employees, including TIMOTHY J. RIZZO, and GLOBAL ~~and AMTS~~ breached that duty by negligently failing to so provide.

86.73.  GLOBAL ~~and AMTS~~ w~~as~~ere otherwise negligent.

87.74.  As a proximate consequence of the acts, commissions, omissions, willfulness, recklessness and negligence of GLOBAL ~~and AMTS~~, Plaintiff sustained the injuries and damages set forth above, and GLOBAL ~~and AMTS~~ is~~are~~ accordingly liable for negligence.

88.75.  As a proximate result, Plaintiff has been damaged in excess of seventy-five thousand dollars ($75,000).

19



89.76.  No negligence on the part of the Plaintiff existed or caused or contributed to any injuries alleged herein.

**COUNT II**

**PREMISES LIABILLITY AGAINST DEFENDANT GLOBAL AND AMTS**

90.77.  Plaintiff repeats each and every allegation of all the preceding paragraphs of the Complaint, as though herein set forth at length.

91.78.  GLOBAL and AMTS owned, operated and/or controlled the premises located in Malta, New York, at all times relevant hereto.

92.79.  At all relevant times Plaintiff was rightfully present at the aforementioned premises.

93.80.  GLOBAL and AMTS had a duty to see that the premises at which Plaintiff was rightfully present were in a reasonably safe condition for use by employees and contractors, including Plaintiff.

94.81.  GLOBAL and AMTS willfully, recklessly and negligently failed to provide reasonably safe premises at which Plaintiff was rightfully present and thereby breached its duty of care to Plaintiff.

95.82.  As a proximate result of GLOBAL's and AMTS's breach of itstheir duty of care, plaintiff has been damaged as set forth above and is entitled to compensatory and punitive damages, in an amount in excess of seventy-five thousand dollars ($75,000).

96.83.  No negligence on the part of the Plaintiff existed or caused or contributed to any injury alleged herein.

20



### COUNT III

### STRICT PRODUCTS LIABILITY
### AGAINST DEFENDANT GLOBAL AND AMTS

97.     Plaintiff repeats each and every allegation of all the preceding paragraphs of the Complaint, as though herein set forth at length.

98.     Defendants GLOBAL and AMTS are strictly liable for the defective, unsafe and unreasonably dangerous design, manufacture, production, mixture and/or use of the aforesaid chemicals and substances as used in their tools, facility and premises.

99.     The utility of the aforesaid chemicals, radiation, and substances as used in the subject tool to the individual user did not outweigh the risk inherent in marketing them with their defective design.

100.    A safer design was available and the aforesaid chemicals, radiation, and substances, and could have been designed and manufactured in a safer way while remaining functional and without increasing the cost of the product(s).

101.    As a direct and proximate result of the defective, unsafe, and unreasonably dangerous design, manufacture, production, mixture, use or condition of GLOBAL and AMTS's chemicals, radiation, and substances, as used in their manufacturing tools and facilities, Plaintiff sustained all of the injuries as set forth above.

102.    Defendants GLOBAL and AMTS are liable for Plaintiff's injuries under the theory of strict products liability.

21



103.   As a proximate result of the foregoing, Plaintiff has been damaged, and GLOBAL and AMTS are strictly liable to Plaintiff for compensatory and punitive damages, in an amount in excess of seventy-five thousand dollars ($75,000).

104.   No negligence on the part of the Plaintiff existed or caused or contributed to any injuries alleged herein.

### COUNT IV

### BREACH OF EXPRESS WARRANTY AGAINST GLOBAL AND AMTS

105.   Plaintiff repeats each and every allegation of all the preceding paragraphs of the Complaint, as though herein set forth at length.

106.   GLOBAL and AMTS represented to the public, and to Plaintiff in particular, that the quality of the aforesaid chemicals, radiation, and substances were satisfactory and safe in their design and manufacture and such representations were made in a way as to induce Plaintiff, as well as others, to use it.

107.   The aforementioned chemicals, radiation, and substances did not conform to the representations made by GLOBAL and AMTS in that the aforesaid chemicals and substances were defective and dangerous.

108.   As a result of GLOBAL's and AMTS' breach of express warranty, Plaintiff was rendered sick, lame, injured, disabled, resulting in injuries in an amount in excess of seventy-five thousand dollars ($75,000).

22



109.    No negligence on the part of Plaintiff existed, caused or contributed to the injuries claimed herein.

**COUNT V**

**BREACH OF IMPLIED WARRANTY AGAINST GLOBAL AND AMTS**

110.    Plaintiff repeats each and every allegation of all the preceding paragraphs of the Complaint, as though herein set forth at length.

111.    The law implies a warranty by GLOBAL and AMTS, as designer(s), manufacturer(s), mixer(s), and seller(s) of the aforesaid chemicals, radiation, and substances on the market, that the chemicals, radiation, and substances were reasonably fit for the ordinary purposes for which they were used.

112.    The aforementioned chemicals, radiation, and substances were not fit for their ordinary purpose(s) in that they were defective and therefore GLOBAL and AMTS breached the implied warranty of fitness for the intended ordinary purpose(s) of the aforesaid chemicals and substances.

113.    As a result of GLOBAL's and AMTS' breach of implied warranty, Plaintiff was rendered sick, lame, injured, and disabled, resulting in injuries in an amount in excess of seventy five thousand dollars ($75,000).

114.    No negligence on the part of plaintiffs existed, caused or contributed to the injuries claimed herein.

23



THE MILLS LAW FIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

## COUNT III~~VI~~

### ABNORMALLY DANGEROUS AND ULTRA-HAZARDOUS ACTIVITY AGAINST DEFENDANT GLOBAL ~~AND AMTS~~

~~115.~~84.        Plaintiff repeats each and every allegation of all the preceding paragraphs of the Second Amended Complaint, as though herein set forth at length.

~~116.~~85.        GLOBAL ~~and AMTS~~ knew or should have known that ~~their~~ its aforesaid conduct exposed plaintiff to abnormally dangerous and ultra-hazardous activities.

~~117.~~86.        As a direct and proximate result of the acts, commissions, omissions, willfulness, recklessness and negligence of GLOBAL ~~and AMTS~~, Plaintiff sustained the injuries and damages set forth above, and GLOBAL ~~and AMTS are~~ is accordingly liable for abnormally dangerous and ultra-hazardous activities.

~~118.~~87.        As a proximate result, Plaintiff, as set forth above, has been damaged, and GLOBAL ~~and AMTS~~ are strictly liable to Plaintiff for compensatory and punitive damages, in amount in excess of seventy-five thousand dollars ($75,000).

~~119.~~88.        No negligence on the part of the Plaintiff existed or caused or contributed to any injuries alleged herein.

### ~~COUNT VII~~

### ~~WILLFUL AND WANTON MISCONDUCT AGAINST DEFENDANT GLOBAL AND AMTS~~

~~120.    Plaintiff repeats each and every allegation of all of the preceding paragraphs of the Complaint, as though herein set forth at length.~~

24



121.    GLOBAL and AMTS intentionally, willfully or with reckless disregard for the safety of Plaintiff, caused Plaintiff to be exposed to chemicals, radiation, and substances which were defective, unsafe and/or unreasonably dangerous.

122.    GLOBAL and AMTS intentionally, willfully, or with reckless disregard for the safety of Plaintiff and others, failed to utilize proper measures to prevent its workers and others, including Plaintiff, from being exposed to harmful chemicals, radiation, and substances.

123.    GLOBAL and AMTS intentionally, willfully, or with reckless disregard for the safety of Plaintiffs and others, failed and refused to warn or advise Plaintiff of the dangerous characteristics of the chemicals, radiation, and substances and of the health threats or adverse consequences to those who might use or be exposed to these chemicals, radiation, and substances.

124.    GLOBAL and AMTS intentionally, willfully, or with reckless disregard for the safety of Plaintiff and others, failed to study, investigate, determine, impose or comply with reasonable standards and regulations to protect and promote the health and safety of, or to minimize the dangers to those using or who would foreseeably use or be harmed by the aforesaid chemicals, radiation, or substances, including Plaintiff.

125.    GLOBAL and AMTS intentionally, willfully, or with a reckless disregard for the safety of Plaintiff and others, failed to fully and properly test and study the

25



aforesaid chemicals, radiation, and substances to learn of the hazards associated with their use.

126.   GLOBAL and AMTS intentionally, willfully, or with reckless disregard for the safety of Plaintiff and others, made express and implied warranties and representations, incorrectly and untruthfully, that the aforesaid chemicals, radiation, and substances were safe and suitable for use.

127.   GLOBAL and AMTS intentionally, willfully, or with reckless disregard for the safety of Plaintiff and others, ignored and concealed from the Plaintiff knowledge, in existence at all relevant times, of the health hazards of the aforementioned chemicals, radiation, and substances.

128.   GLOBAL and AMTS intentionally, willfully, or with a reckless disregard for the safety of Plaintiff and others, failed to examine, test, perform maintenance on, and properly maintain in a reasonably safe condition all manufacturing tools so as to prevent or minimize the risk of malfunction or exposure to those in the vicinity of the tools.

129.   GLOBAL and AMTS intentionally, willfully, or with reckless disregard for the safety of Plaintiff and others, failed to provide training and safety equipment to employees including TIMOTHY J. RIZZO.

130.   GLOBAL and AMTS's willful, wanton, and intentional misconduct evinces a total, conscious and/or reckless disregard for the life and well being of



THE MILLS LAW FIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

Plaintiff as well as for the health, well being and rights of others who used or otherwise came into contact with the aforesaid chemicals, radiation, or substances.

131.   As a direct and proximate result of the willful, wanton and intentional misconduct of GLOBAL and AMTS, Plaintiff sustained the injuries in an amount in excess of seventy five thousand dollars ($75,000).

132.   In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish Defendants for their willful, wanton, intentional and/or reckless misconduct and to deter GLOBLA and AMTS and others similarly situated from engaging in like misconduct in the future.

133.   No negligence on the part of the Plaintiff existed or caused or contributed to any injuries alleged herein.

### COUNT VIII

### NEGLIGENCE AGAINST APPLIED

134.89.      Plaintiff repeats each and every allegation of all the preceding paragraphs of the Second Amended Complaint, as though herein set forth at length.

135.90.      Upon information and belief, at all times hereinafter mentioned, defendant APPLIED, their its agents, servants and/or employees, were negligent in their design, testing, manufacture, assembly, inspection, marketing, sale, ownership, maintenance, control or repair of the subject tools, POL 2700, Viista Trident High Current Implanter and/or Viista Trident Medium Current Implanter, upon information

27



and belief, failed to give adequate and timely warning and were otherwise careless, reckless and disregarded the safety of others, and Plaintiff in particular.

136.91.      The aforesaid negligence and resulting defects were substantial factors in causing the injury to Plaintiff.

137.92.      As a result of APPLIED's negligence, Plaintiff was rendered sick, lame, injured and disabled, resulting in injuries in an amount in excess of seventy-five thousand dollars ($75,000).

138.93.      No negligence on the part of Plaintiff existed, caused or contributed to the injuries claimed herein.

<u>**COUNT IX**</u>

<u>**STRICT PRODUCTS LIABILITY AGAINST APPLIED**</u>

139.94.      Plaintiff repeats each and every allegation of all the preceding paragraphs of the Second Amended Complaint, as though herein set forth at length.

140.95.      APPLIED designed, manufactured and/or sold the subject tool, which, upon information and belief, is marketed, sold and distributed in the State of New York.

141.96.      The subject tools, POL 2700, Viista Trident High Current Implanter and/or Viista Trident Medium Current Implanter, were defective in design, manufacture and in its/their failure to provide adequate warnings, and said defect(s) existed at the time of the tool(s) left the APPLIED's possession and control.

THE MILLS LAW FIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

142.97.     The utility of the subject tool to the individual user did not outweigh the risk inherent in marketing the tool with its defective design.

143.98.     A safer design was available and the tool could have been designed and manufactured in a safer way while remaining functional and without increasing the product's cost.

144.99.     At all times hereinafter mentioned, APPLIED knew or should have known of such alternative designs for the subject tool and all of its component and necessary parts.

145.100.     That said defect was a substantial factor in causing injury to Plaintiff.

146.101.     The aforesaid injuries were caused during the normal course of use of the subject tool for its reasonably foreseeable and intended purposes.

147.102.     As a result of APPLIED's strict product liability, Plaintiff was rendered sick, lame, injured and disabled, resulting in injuries in an amount in excess of seventy-five thousand dollars ($75,000).

148.103.     No negligence on the part of the Pplaintiffs existed, caused or contributed to the injuries claimed herein.

### COUNT X

### BREACH OF EXPRESS WARRANTY AGAINST APPLIED

149.104.     Plaintiff repeats each and every allegation of all the preceding paragraphs of the Second Amended Complaint, as though herein set forth at length.



150.105.      APPLIED in person or through its agents, servants and/or employees, represented to the public, and to GLOBAL, AMTS, and Plaintiff in particular, that the quality of the subject tools were satisfactory and safe in their design and manufacture and such representations were made in a way as to induce GLOBAL to purchase the tools and plaintiff, as well as others, to sue it.

151.106.      The subject tools did not conform to the representations made by APPLIED in that the tools were defective and dangerous.

152.107.      As a result of APPLIED's breach of express warranty, Plaintiff was rendered sick, lame, injured and disabled, resulting in injuries in an amount in excess of seventy-five thousand dollars ($75,000).

153.108.      No negligence on the part of Pplaintiff existed, caused or contributed to the injuries claimed herein.

<u>COUNT XI</u>

<u>BREACH OF IMPLIED WARRANTY AGAINST APPLIED MATERIALS</u>

154.109.      Plaintiff repeats each and every allegation of all the preceding paragraphs of the Second Amended Complaint, as though herein set forth at length.

155.110.      The law implies a warranty by APPLIED, as a designer, manufacturer and seller of the subject tools on the market, that the subject tools were reasonably fit for the ordinary purposes for which they were used and/or intended.

THE MILLS LAW FIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

~~156.~~111.      The subject tools were not fit for their ordinary purpose in that they were defective and therefore APPLIED breached the implied warranty of fitness for the tools' intended ordinary purposes.

~~157.~~112.      As a result of APPLIED's breach of implied warranty, Plaintiff was rendered sick, lame, injured and disabled, resulting in injuries in an amount in excess of seventy-five thousand dollars ($75,000).

~~158.~~113.      No negligence on the part of the Pplaintiff~~s~~ existed, caused or contributed to the injuries claimed herein.

WHEREFORE, Plaintiff requests this Court hold defendants liable, individually, jointly and severally, for:

a.      Compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000);

b.      Punitive damages;

c.      Pre-judgment and post-judgment interests;

d.      Costs; and

e.      Such other relief as this Court may deem just and proper.

THE MILLS LAW FIRM LLP
ATTORNEYS AND COUNSELORS AT LAW

DATED:  December 20, 2016

Respectfully submitted,

THE MILLS LAW FIRM, LLP


BY: _____
       GREGORY S. MILLS
*Attorneys for Plaintiff, Timothy J. Rizzo*
Office and P.O. Address
1520 Crescent Road, Suite 100
Clifton Park, New York 12065
Phone:  (518) 373-9900

THE MILLS LAW FIRM LLP
ATTORNEYS AND COUNSELORS AT LAW