**LEWIS BRISBOIS BISGAARD & SMITH** LLP
BERJ K. PARSEGHIAN (519498)
berj.parseghian@lewisbrisbois.com
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Facsimile: 212.232.1399

Attorneys for Defendant
APPLIED MATERIALS, INC.

**JONES DAY**
SHARYL A. REISMAN (519556)
sareisman@jonesday.com
250 Vesey Street
New York, New York 10281
Telephone: 212.326.3939
Facsimile: 212.755.7306

Attorneys for Defendant
GLOBALFOUNDRIES U.S., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY J. RIZZO,<br><br>        Plaintiff,<br><br>v.<br><br>APPLIED MATERIALS, INC. *et al.*,<br><br>        Defendants. | No. 15-CV-0557-MAD-ATB<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF GREGORY S. MILLS**<br><br>Am. Compl. Filed: Jul. 29, 2015 |

      Defendants Applied Materials, Inc. and GLOBALFOUNDRIES U.S., Inc. (collectively, "Defendants") hereby object to the following portions of the Affidavit of Gregory S. Mills submitted in opposition to Defendants' motions to exclude causation testimony of Robert S. Wang and for summary judgment and to exclude physician testimony (the "Motions"). Defendants' failure to object at this time to all or any part of the Affidavit or exhibits thereto is not intended and should not be construed as agreement by Defendants that any part of the Affidavit or exhibits are relevant or as a waiver by Defendants of their right to object to all or

1

any part of the Affidavit at any hearing on the Motions or at trial. All such objections are expressly reserved.

1. Paragraph 4 ("While the statement of procedural history provided by Ms. Reisman is generally accurate, it omits the full August 30, 2016 deposition transcript of Mr. Rizzo's treating physician, Dr. Robert F. Wang, M.D., and the full November 11, 2016 deposition transcript of Dr. Wang. Accordingly, attached hereto as Exhibit 'A' is a complete copy of the deposition transcript of Dr. Wang's August 30, 2016 deposition, and attached hereto as Exhibit 'B' is a complete copy of the deposition transcript of Dr. Wang's November 11, 2016 deposition.") General Order No. 22.

General Order No. 22 requires that exhibits be excerpted to include only those portions that are directly germane to the matter under the Court's consideration. Accordingly, Mr. Mills' statement must be excluded. Fed. R. Evid. 602, 701; General Order No. 22, § 4.4.

2. Paragraph 5 ("Similarly, Ms. Reisman omitted the full deposition transcripts of Mr. Rizzo's treating physician Dr. Eli M. Miloslavsky, M.D., Dr. Michael Hodgman, M.D. and Dr. Page V. Salenger, M.D.") General Order No. 22.

General Order No. 22 requires that exhibits be excerpted to include only those portions that are directly germane to the matter under the Court's consideration. Accordingly, Mr. Mills' statement must be excluded. Fed. R. Evid. 602, 701; General Order No. 22, § 4.4.

3. Paragraph 6 ("In addition to the above documents, attached hereto as Exhibit 'C' is Plaintiff's proposed Second Amended Complaint, which is currently before this Court for consideration.") Irrelevant. Fed. R. Evid. 401.

Plaintiff's proposed Second Amended Complaint is irrelevant. Fed. R. Evid. 401; *Iroquois Master Fund, Ltd. v. CEL-SCI Corp.*, No. 09-CV 8912-(HB) (THK), 2011 WL 1216688, at *5 (S.D.N.Y. Mar. 28, 2011) ("Summary judgment is not appropriate on a claim not alleged in the complaint."); *Mauro v. S. New England Telecomm., Inc.*, 208 F.3d 384, 386 n.1 (2d Cir. 2000). In addition, Plaintiff's proposed Second Amended Complaint is irrelevant to the general causation issues currently before the Court because no substance at any duration of

exposure has been demonstrated to cause GPA.  *See generally* Defendants' Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 165].

    4.      Paragraph 7 ("Also relevant to the issue of general causation are the CT Male Associates, P.C. Report dated August 2, 2011, the Chemical Lists, the EPA Superfund Record of Decision EPA: ID NYD98053124 and a printout of the EPA webpage regarding TCE. Accordingly, attached hereto as Exhibit 'D,' Exhibit 'E,' Exhibit 'F' and Exhibit 'G' are the above documents respectively.")  Improper argument, improper opinion, lacks foundation, irrelevant.  Fed. R. Evid. 401, 602, 701.

    Mr. Mills' statement as to the relevance of the referenced documents is argumentative, an improper opinion, and lacks foundation.  In addition, the referenced documents are irrelevant to the general causation issues currently before the Court and lack foundation.  Accordingly, the statement and exhibits must be excluded.  Fed. R. Evid. 401, 602, 701.

    5.      Paragraph 8 (". . . which suggests that the investigation into the cause of Mr. Rizzo's illness was not completed.")  Best evidence rule, improper opinion, improper argument, lacks foundation, speculation.  Fed. R. Evid. 602, 701, 1002.

    Pursuant to Federal Rule of Evidence 1002, the letter is the best evidence of its contents.  Mr. Mills' characterization of the letter is inadmissible secondary evidence, an improper opinion, argumentative, lacks foundation and is speculation.  Contrary to Mr. Mills' statement, the letter (which is an email dated September 11, 2013, *prior* to Exhibit 4 to Defendants' Motion, ECF 162-3) makes no suggestion that the OSHA investigation into the cause of Mr. Rizzo's illness was not completed.  Accordingly, Mr. Mills' statement must be excluded.  Fed. R. Evid. 602, 701, 1002.

    6.      Paragraph 9 (". . . which demonstrates that Mr. Rizzo's damages and/or illness are not constrained to ANCA associated vasculitis, but rather reflect that a much larger disease process was occurring as a result of his exposures at the Globalfoundries site.")  Improper opinion, improper argument, lacks foundation.  Fed. R. Evid. 602, 701.

Mr. Mills' statement is an improper opinion, argumentative, and lacks foundation. Accordingly, the statement must be excluded. Fed. R. Evid. 602, 701.

DATED: February 13, 2017

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    /s/ *Berj K. Parseghian*
Berj K. Parseghian, Bar No. 519498
Attorneys for Defendant Applied Materials, Inc.
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Facsimile: 212.232.1399
E-Mail: berj.parseghian@lewisbrisbois.com

JONES DAY

By:    /s/ *Sharyl A. Reisman*
Sharyl A. Reisman, Bar No. 519556
Attorneys for Defendant
GLOBALFOUNDRIES U.S., Inc.
250 Vesey Street
New York, New York 10281
Telephone: 212.326.3939
Facsimile: 212.755.7306
E-Mail: sareisman@jonesday.com

# CERTIFICATE OF SERVICE

I, Berj K. Parseghian, certify that on February 13, 2017, I caused the following documents:

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF GREGORY S. MILLS**

☒  to be filed electronically with the Clerk of Court through ECF

I certify that the foregoing is true and correct.

DATED:  February 13, 2017

                                              /s/ *Berj K. Parseghian*
                                                   Berj K. Parseghian