**LEWIS BRISBOIS BISGAARD & SMITH** LLP
BERJ K. PARSEGHIAN (519498)
berj.parseghian@lewisbrisbois.com
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Facsimile: 212.232.1399

Attorneys for Defendant
APPLIED MATERIALS, INC.

**JONES DAY**
SHARYL A. REISMAN (519556)
sareisman@jonesday.com
250 Vesey Street
New York, New York 10281
Telephone: 212.326.3939
Facsimile: 212.755.7306

Attorneys for Defendant
GLOBALFOUNDRIES U.S., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY J. RIZZO,<br><br>        Plaintiff,<br><br>v.<br><br>APPLIED MATERIALS, INC. *et al.*,<br><br>        Defendants. | No. 15-CV-0557-MAD-ATB<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF ROBERT S. WANG**<br><br>Am. Compl. Filed: Jul. 29, 2015 |

Defendants Applied Materials, Inc. and GLOBALFOUNDRIES U.S., Inc. (collectively, "Defendants") hereby object to the following portions of the Affidavit of Robert S. Wang submitted in opposition to Defendants' motions to exclude causation testimony of Robert S. Wang and for summary judgment and to exclude physician testimony (the "Motions"). Defendants object to all of Dr. Wang's opinions on causation in this case because Dr. Wang is not qualified to give an expert opinion in this matter and his testimony does not meet the reliability requirements of Federal Rule of Evidence 702 and *Daubert*. *See generally,*

1

Defendants' Motion to Exclude Causation Testimony of Robert S. Wang [ECF No. 161]; Defendants' Motion for Summary Judgment and to Exclude Physician Testimony [ECF No. 162].

The following objections are in addition to the objections set forth in the Motions. Defendants' failure to object at this time to all or any part of the Affidavit or exhibits thereto is not intended and should not be construed as agreement by Defendants that any part of the Affidavit or exhibits are relevant or as a waiver by Defendants of their right to object to all or any part of the Affidavit at any hearing on the Motions or at trial. All such objections are expressly reserved.

1. Paragraph 16 ("Notably, the defense is attempting to distract the focus to my ability to offer a valid opinion, but do not bother to offer any response to the validity of my opinion.") Improper argument, improper opinion, lacks foundation, speculation. Fed. R. Evid. 602, 702.

Dr. Wang's statement is argumentative, an improper opinion, lacks foundation and is speculation. Accordingly, the statement must be excluded. Fed. R. Evid. 602, 702.

2. Paragraph 17 ("Regardless of whether that was done to assist my patient clinically or legally, does not render me unqualified or make my opinions any less reliable.") Improper opinion, improper legal conclusion. Fed. R. Evid. 602, 702.

Dr. Wang's statement is an improper legal conclusion that must be excluded. Fed. R. Evid. 602, 702.

3. Paragraph 17 ". . . which I am qualified to do.") Improper opinion, improper legal conclusion. Fed. R. Evid. 602, 702.

Dr. Wang's statement is an improper legal conclusion that must be excluded. Fed. R. Evid. 602, 702.

4. Paragraph 18 ("As such, my schooling and training with regard to interpreting medical literature, its validity and its reliability, in addition to my experience and my treatment of patients with GPA, AAV's and other pulmonary inflammatory diseases, makes me qualified

to render an opinion in this matter.") Improper opinion, improper legal conclusion. Fed. R. Evid. 602, 702.

Dr. Wang's statement is an improper legal conclusion that must be excluded. Fed. R. Evid. 602, 702.

5. Paragraph 28 ("In addition, Dr. Garabrant and Dr. Hoffman have not reviewed Plaintiffs' proposed second amended complaint which expands the timeframe for exposure. This is detrimental to their arguments.") Lacks personal knowledge and foundation, speculation, argumentative, improper opinion, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang's statement regarding what Dr. Garabrant and Dr. Hoffman have reviewed is speculation, lacks foundation and is an improper opinion. In addition, Dr. Wang's statement is irrelevant to the general causation issues currently before the Court because no substance at any duration of exposure has been demonstrated to cause GPA. *See generally* Defendants' Motion for Summary Judgment and to Exclude Physician Testimony [ECF No. 162]. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 702.

6. Paragraph 29 ("The C.T. Male Associates, P.C., (hereinafter referred to as 'CT Male') Report shows the presence and exposure to Chromium and Lithium Hydride at the Globalfoundires' site; both of which are irritants that can cause nasal symptoms. Mr. Rizzo reports that his work with M+W Group exposed him to the disturbed soil at GlobalFoundries' site approximately 2 hours a day.") Best evidence rule, lacks foundation, irrelevant. Fed. R. Evid. 401, 602, 1002.

Pursuant to Federal Rule of Evidence 1002, the Report is the best evidence of its contents. Dr. Wang's characterization of the Report is inadmissible secondary evidence and lacks foundation. Contrary to Dr. Wang's statement, the Report does not show exposure to any chemical. In addition, Dr. Wang's statement is irrelevant to the general causation issues currently before the Court because no substance at any duration of exposure has been demonstrated to cause GPA. *See generally* Defendants' Motion for Summary Judgment and to Exclude Physician Testimony [ECF No. 162]. Further, no expert or physician has offered an

opinion that exposure to chromium or lithium hydride has been associated (let alone causally associated) with developing GPA. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 1002.

7. Paragraph 31 ("Chromium is known to be a compound to cause nasal mucosal ulceration, nasal septal defect and epistaxis. It is my opinion to a reasonable degree of medical and scientific certainty that the exposure above more likely than not exacerbated the symptoms caused by the nasal trauma that Mr. Rizzo experienced in 2005.") Improper opinion, lacks foundation, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang is a pulmonologist, and his statement regarding symptoms of nasal trauma is an improper opinion outside the scope of his expertise and lacks foundation. In addition, Dr. Wang's statement is directed to specific causation and is irrelevant to the general causation issues currently before the Court. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 702.

8. Paragraph 32 ("Lithium Hydride ('LH') is another compound C.T. Male noted was present at the GlobalFoundries' site. Lithium Hydride is a long known irritant that requires special containers. Importantly, broken containers were found during the excavation of the Globalfoundries' site and were removed. The excavation process of disturbing the contaminated soil would have led to the exposure of LH. As already noted above, the LH would result in nasal irritation and potentially significant respiratory symptoms as well.") Improper opinion, lacks foundation, speculation, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang is a pulmonologist and is not an expert in industrial hygiene or exposure science. His statement is an improper opinion outside the scope of his expertise, lacks foundation and is speculation. In addition, Dr. Wang's statement is directed to specific causation and is irrelevant to the general causation issues currently before the Court. No expert or physician has offered an opinion that exposure to lithium hydride has been associated (let alone causally associated) with developing GPA. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 702.

9. Paragraph 35 ("Exposure that occurred to Mr. Rizzo in the interstitium would have been of a higher concentration. While a complete list of chemicals has not been provided at this time, it is certain that Mr. Rizzo was exposed to multiple different agents including, but not limited to, silica, TCE and solvents. When Mr. Rizzo transferred to Applied Materials in May of 2012 as the Construction Area Lead, he continued daily work in Fab 8.1, with exposure to these multiple different agents.") Improper opinion, lacks foundation, speculation, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang is a pulmonologist and is not an expert in industrial hygiene or exposure science. His statement is an improper opinion outside the scope of his expertise, lacks foundation and is speculation. In addition, Dr. Wang's statement is irrelevant to the general causation issues currently before the Court because no substance at any duration of exposure has been demonstrated to cause GPA. *See generally* Defendants' Motion for Summary Judgment and to Exclude Physician Testimony [ECF No. 162]. Dr. Wang's statement also is irrelevant because Plaintiff cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd. v. CEL-SCI Corp.*, No. 09-CV 8912-(HB) (THK), 2011 WL 1216688, at *5 (S.D.N.Y. Mar. 28, 2011) ("Summary judgment is not appropriate on a claim not alleged in the complaint."); *Mauro v. S. New England Telecomm., Inc.*, 208 F.3d 384, 386 n.1 (2d Cir. 2000). Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 702.

10. Paragraph 38 ("Without being presented with an accurate depiction of Mr. Rizzo's work environment and true work exposures, Dr. Garabrant and Dr. Hoffman's opinions lose credibility.") Lacks personal knowledge and foundation, speculation, argumentative, improper opinion, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang's statement regarding the information Dr. Garabrant and Dr. Hoffman were provided is speculation, lacks foundation and is an improper opinion. In addition, Dr. Wang's statement is irrelevant to the general causation issues currently before the Court because no substance at any duration of exposure has been demonstrated to cause GPA. *See generally*

Defendants' Motion for Summary Judgment and to Exclude Physician Testimony [ECF No. 162]. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 702.

11. Paragraph 40 ("Dr. Garabrant mentions the cleanroom environment, but does not seem to be aware of Mr. Rizzo's description of dust accumulating around the filtering tools, which it was his job to monitor daily, nor does it take into consideration Mr. Rizzo's exposures to concentrated fumes in the filtration system located in the interstitium.") Improper opinion, lacks foundation, speculation, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang is a pulmonologist and is not an expert in industrial hygiene or exposure science. His statement is an improper opinion outside the scope of his expertise, lacks foundation and is speculation. Moreover, Dr. Wang's statement regarding Dr. Garabrant's awareness is speculation, lacks foundation and is an improper opinion. In addition, Dr. Wang's statement is irrelevant to the general causation issues currently before the Court because no substance at any duration of exposure has been demonstrated to cause GPA. *See generally* Defendants' Motion for Summary Judgment and to Exclude Physician Testimony [ECF No. 162]. Further, no expert or physician has offered an opinion that exposure to any of the chemicals in this statement other than TCE and silica has been associated (let alone causally associated) with developing GPA. Dr. Wang's statement also is irrelevant because Plaintiff cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd.*, 2011 WL at *5; *Mauro*, 208 F.3d at 386 n.1. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 702.

12. Paragraph 41 ("Additionally, contrary to the defendants' position, there is sufficient medical support causally linking crystalline silica exposure to the development of ANCA-related vasculitis. This research has been cited by the Journal of Autoimmunology and shared and/or adopted by the National Institute of Health.") Improper opinion, lacks foundation, improper conclusion. Fed. R. Evid. 602, 702.

Dr. Wang's statement is conclusory and lacks any factual basis. Accordingly, the statement must be excluded. Fed. R. Evid. 602, 702.

6

13. Paragraph 44 ("In addition to silica, the air samples taken in the Fab 8.1 facility revealed that trichloroethylene ('TCE') was one of the solvents found at the Globalfoundries' site were Mr. Rizzo worked. Trichloroethylene has been looked at extensively and has also been shown to result in inflammation and to accelerate autoimmune responses, both in vitro and in vivo in mice and in humans. Multiple autoimmune diseases have been linked to TCE exposures and include AAVs. (Cooper, et al.)") Improper opinion, lacks foundation, improper conclusion. Fed. R. Evid. 602, 702.

Dr. Wang's statement is an improper opinion, lacks foundation and lacks any factual basis. Accordingly, the statement must be excluded. Fed. R. Evid. 602, 702.

14. Paragraphs 49-51 ("Nasal Manifestations of Lithium and Chromium"). Improper opinion, lacks foundation, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang is a pulmonologist, and his statements regarding "nasal manifestations" of exposure to lithium and chromium are improper opinions outside the scope of his expertise and lack foundation. In addition, Dr. Wang's statements are directed to specific causation and are irrelevant to the general causation issues currently before the Court. No expert or physician has offered an opinion that exposure to lithium or chromium has been associated (let alone causally associated) with developing GPA. Accordingly, the statements must be excluded. Fed. R. Evid. 401, 602, 702.

15. Paragraph 71 ("A detailed look at Mr. Rizzo's nasal trauma in 2005 and his exposures to nasal irritants beginning in 2009 demonstrate that there is no other related evidence to contradict the above.") Improper opinion, lacks foundation, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang is a pulmonologist, and his statements regarding Plaintiff's alleged nasal trauma and alleged exposure to nasal irritants are improper opinions outside the scope of his expertise and lack foundation. In addition, Dr. Wang's statements are directed to specific causation and are irrelevant to the general causation issues currently before the Court. Accordingly, the statements must be excluded. Fed. R. Evid. 401, 602, 702.

16. Paragraph 72 ("It is my belief that Mr. Rizzo's AAV did not start prior to his exposure to nanosilica and TCE in May 2012 as there are alternative and more plausible explanations for his nasal symptoms.") Improper opinion, lacks foundation, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang is a pulmonologist, and his statements regarding Plaintiff's nasal symptoms are improper opinions outside the scope of his expertise and lack foundation. In addition, Dr. Wang's statements are directed to specific causation and are irrelevant to the general causation issues currently before the Court. Accordingly, the statements must be excluded. Fed. R. Evid. 401, 602, 702.

17. Paragraph 76 ("There is much exposure data, due to the way this case is being handled, that is unavailable. A complete list of exposures and/ or chemicals has yet to be disclosed, which tends to be common practice in the semiconductor industry. The lack of transparency makes it challenging to evaluate the full extent of exposure of our patient, but despite this I still believe we have enough data to state a causal relationship. Clinicians rely on a complete history to make an accurate assessment and I do not believe any physician, including those enlisted by the defense, will deny that withholding information would serve to inhibit their ability to render this opinion.") Improper argument, improper opinion, lacks foundation, speculation, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang's statement is argumentative, an improper opinion, lacks foundation and is speculation. In addition, it is irrelevant to this phase of the case, which is limited to general causation of GPA. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 702.

18. Paragraph 78 ("Because the epidemiologic studies haven't been funded or allowed by the semiconductor industry to prove nanosilica's causal relationship to GPA the mechanism exists and has been studied at the in vivo level; just now, we see targeted immune therapy towards cancer therapy, but this wasn't possible 10 to 20 years ago.") Improper argument, improper opinion, lacks foundation, speculation. Fed. R. Evid. 602, 702.

Dr. Wang's statement is argumentative, an improper opinion, lacks foundation and is speculation. Accordingly, the statement must be excluded. Fed. R. Evid. 602, 702.

19. Paragraph 81 ("The defense has withheld air, soil and water sample data of potential exposure, not only from us, but it seems from their own expert witnesses as well as exemplified by the defense, now no longer addressing their theory that Mr. Rizzo's GPA started prior to working at GlobalFoundries.") Improper argument, improper opinion, lacks foundation, speculation, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang's statement is argumentative, an improper opinion, lacks foundation and is speculation. In addition, it is irrelevant to this phase of the case, which is limited to general causation of GPA. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 702.

20. Paragraph 82 ("It would be a travesty for Mr. Rizzo, if this case does not go to trial as that would not allow him to discover all of his potential exposure which could potentiate his TCE and nanosilica exposure.") Improper argument, improper opinion, lacks foundation, speculation. Fed. R. Evid. 602, 702.

Dr. Wang's statement is argumentative, an improper opinion, lacks foundation and is speculation. Accordingly, the statement must be excluded. Fed. R. Evid. 602, 702.

21. Paragraph 83 ("The full disclosure of the chemical list in this case will more likely than not reveal additional contributors to Mr. Rizzo's condition.") Improper argument, improper opinion, lacks foundation, speculation, irrelevant. Fed. R. Evid. 401, 602, 702.

Dr. Wang's statement is argumentative, an improper opinion, lacks foundation and is speculation. In addition, Dr. Wang's statement is irrelevant to the general causation issues currently before the Court because no substance at any duration of exposure has been demonstrated to cause GPA. *See generally* Defendants' Motion for Summary Judgment and to Exclude Physician Testimony [ECF No. 162]. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 702.

DATED: February 13, 2017

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ *Berj K. Parseghian*
Berj K. Parseghian, Bar No. 519498
Attorneys for Defendant Applied Materials, Inc.
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Facsimile: 212.232.1399
E-Mail: berj.parseghian@lewisbrisbois.com

JONES DAY

By: /s/ *Sharyl A. Reisman*
Sharyl A. Reisman, Bar No. 519556
Attorneys for Defendant
GLOBALFOUNDRIES U.S., Inc.
250 Vesey Street
New York, New York 10281
Telephone: 212.326.3939
Facsimile: 212.755.7306
E-Mail: sareisman@jonesday.com

# CERTIFICATE OF SERVICE

I, Berj K. Parseghian, certify that on February 13, 2017, I caused the following documents:

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF ROBERT S. WANG**

☒  to be filed electronically with the Clerk of Court through ECF

I certify that the foregoing is true and correct.

DATED: February 13, 2017

            /s/ *Berj K. Parseghian*
               Berj K. Parseghian