**LEWIS BRISBOIS BISGAARD & SMITH LLP**
BERJ K. PARSEGHIAN (519498)
berj.parseghian@lewisbrisbois.com
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Facsimile: 212.232.1399

Attorneys for Defendant
APPLIED MATERIALS, INC.

**JONES DAY**
SHARYL A. REISMAN (519556)
sareisman@jonesday.com
250 Vesey Street
New York, New York 10281
Telephone: 212.326.3939
Facsimile: 212.755.7306

Attorneys for Defendant
GLOBALFOUNDRIES U.S., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY J. RIZZO,<br><br>  Plaintiff,<br><br>v.<br><br>APPLIED MATERIALS, INC. *et al.*,<br><br>  Defendants. | No. 15-CV-0557-MAD-ATB<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF TIMOTHY RIZZO**<br><br>Am. Compl. Filed: Jul. 29, 2015 |

Defendants Applied Materials, Inc. and GLOBALFOUNDRIES U.S., Inc. (collectively, "Defendants") hereby object to the following portions of the Affidavit of Timothy Rizzo submitted in opposition to Defendants' motions to exclude causation testimony of Robert S. Wang and for summary judgment and to exclude physician testimony (the "Motions"). Defendants' failure to object at this time to all or any part of the Affidavit or exhibits thereto is Defendants' failure to object at this time to all or any part of the Affidavit or exhibits thereto is not intended and should not be construed as agreement by Defendants that any part of the

1

Affidavit or exhibits are relevant or as a waiver by Defendants of their right to object to all or any part of the Affidavit at any hearing on the Motions or at trial. All such objections are expressly reserved.

1. Paragraph 5 ("The water used at the old MRFA facilities was surface water (artificial pond), which was contaminated and not potable. I believe this was because the artificial pond was located next to the rocket launch pads and untreated. Additionally, there were many military outskirt buildings which were storage areas for past chemicals and weapons.") Improper opinion, lacks foundation, irrelevant. Fed. R. Evid. 401, 602, 701.

Mr. Rizzo's statement is an improper opinion and lacks foundation. In addition, Mr. Rizzo's statement is irrelevant because he cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd. v. CEL-SCI Corp.*, No. 09-CV 8912-(HB) (THK), 2011 WL 1216688, at *5 (S.D.N.Y. Mar. 28, 2011) ("Summary judgment is not appropriate on a claim not alleged in the complaint."); *Mauro v. S. New England Telecomm., Inc.*, 208 F.3d 384, 386 n.1 (2d Cir. 2000). Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 701.

2. Paragraph 7 ("Over time as the development continued, the MRFA was then excavated exposing barrels of toxins in the soil including hydrocarbons and heavy metals. Examples of hydrocarbons and heavy metals include TCE, PCE, Carbon Tetrachloride, Chromium, Lithium Hydride, Arsenic, Mercury, Hydrazine and rocket fuel. These exposures are detailed in the CT Male report dated August 2, 2011 [Exhibit 'D'], the Chemical List [Exhibit 'E'], the EPA Superfund Record of Decision [Exhibit 'F'] and information provided by the EPA with respect to TCE [Exhibit 'G'].") Lacks foundation, improper opinion, irrelevant. Fed. R. Evid. 401, 602, 701.

Mr. Rizzo's statement and the referenced documents lack foundation. In addition, Mr. Rizzo's statement and the referenced documents are irrelevant because Plaintiff cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd.*, 2011 WL at *5; *Mauro*, 208 F.3d at 386 n.1. In addition, Mr. Rizzo's reference to "exposures" is an improper opinion

and lacks foundation. Accordingly, the statement and exhibits must be excluded. Fed. R. Evid. 401, 602, 701.

   3. Paragraph 8 ("Throughout the entire building process these materials were disturbed such that any contamination within the silt and sand was also disturbed. None of these soils left the site because of, as I understood it, liability reasons, which included the possibility of contaminating other properties.") Improper opinion, speculation, lacks foundation, irrelevant. Fed. R. Evid. 401, 602, 701.

   Mr. Rizzo's statement is an improper opinion, speculation and lacks foundation. In addition, Mr. Rizzo's statement is irrelevant because he cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd.*, 2011 WL at *5; *Mauro*, 208 F.3d at 386 n.1. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 701.

   4. Paragraph 11 (". . . completed due to extensive remediation that needed to be completed to reduce and/ or eliminate the exposures. These toxic soils were relocated in another area of land within the MRFA and capped under the direction of CT Male. Construction and excavations of the MRFA was conducted by La Chase.") Lacks foundation, improper opinion, irrelevant. Fed. R. Evid. 401, 602, 701.

   Mr. Rizzo's statement lacks foundation and is an improper opinion. In addition, Mr. Rizzo's statement is irrelevant because he cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd.*, 2011 WL at *5; *Mauro*, 208 F.3d at 386 n.1. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 701.

   5. Paragraph 12 ("LaChase found the barrels of chemicals within the MRFA and DEC / Hazmat was notified. This finding is recorded in the CT Male Report.") Lacks foundation, improper opinion, irrelevant. Lacks foundation, improper opinion, irrelevant. Fed. R. Evid. 401, 602, 701.

   Mr. Rizzo's statement lacks foundation and is an improper opinion. In addition, Mr. Rizzo's statement is irrelevant because he cannot rely on exposures not alleged in his pleadings.

*See Iroquois Master Fund, Ltd.*, 2011 WL at *5; *Mauro*, 208 F.3d at 386 n.1. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 701.

6. Paragraph 13 ("The chemicals were not only in solid or liquid form but were airborne as VOC's, SVOC's, or dust from all of the construction activity taking place, including surface water runoff from the MRFA which was contaminated.") Lacks foundation, improper opinion, irrelevant. Fed. R. Evid. 401, 602, 701.

Mr. Rizzo's statement lacks foundation and is an improper opinion. In addition, Mr. Rizzo's statement is irrelevant because he cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd.*, 2011 WL at *5; *Mauro*, 208 F.3d at 386 n.1. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 701.

7. Paragraph 16 ("One large exposure of contamination was located at the South Pond which is within 200 feet of the Operations Office in the MRFA. This pond is a point of runoff for the MRFA and Parking Lot D.") Lacks foundation, improper opinion, irrelevant. Fed. R. Evid. 401, 602, 701.

Mr. Rizzo's statement lacks foundation and is an improper opinion. In addition, Mr. Rizzo's statement is irrelevant because he cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd.*, 2011 WL at *5; *Mauro*, 208 F.3d at 386 n.1. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 701.

8. Paragraph 17 ("Other sources of contamination can be traced to the wind blowing contaminated and disturbed soils from west to east that I and others inhaled, as well as, evapotranspiration from the soils and ponds.") Lacks foundation, improper opinion, irrelevant. Fed. R. Evid. 401, 602, 701.

Mr. Rizzo's statement lacks foundation and is an improper opinion. In addition, Mr. Rizzo's statement is irrelevant because he cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd.*, 2011 WL at *5; *Mauro*, 208 F.3d at 386 n.1. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 701.

9. Paragraph 19 ("While working within Fab 8.1, I was exposed to welding fumes and VOC's from floor epoxies and paints. In addition, none of the issues with regard to the South Pond or contaminated soils had been resolved. As such, my exposure to the toxins in the South Pond and soils continued.") Lacks foundation, improper opinion, irrelevant. Fed. R. Evid. 401, 602, 701.

Mr. Rizzo's statement lacks foundation and is an improper opinion. In addition, Mr. Rizzo's statement is irrelevant because he cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd.*, 2011 WL at *5; *Mauro*, 208 F.3d at 386 n.1. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 701.

10. Paragraph 24 ("On August 2, 2012, while in the Chemical Metal Plating Ballroom within the Cleanroom, I smelled bitter sweet fumes and particles due to an equipment malfunction. This exposure lasted approximately 3:00 minutes.") Lacks foundation, improper opinion, speculation. Fed. R. Evid. 602, 701.

Mr. Rizzo's statement lacks foundation, is an improper opinion and is speculation. Accordingly, the statement must be excluded. Fed. R. Evid. 602, 701.

11. Paragraph 25 ("Based on the MSDS sheets, it is my understanding that on August 2, 2012 I was exposed to colloidal silica, crystalline silica, triazole compound, and a solvent 'Slurry2' that contains organic acids and amines as well as the solvent exhaust system of the factory. The solvent exhaust system of the factory contained all solvents which are tied to the system. At the time of the incident there was approximately 1,369 chemicals in use plus trade secrets.") Lacks foundation, improper opinion, speculation. Fed. R. Evid. 602, 701.

Mr. Rizzo's statement lacks foundation, is an improper opinion and is speculation. Accordingly, the statement must be excluded. Fed. R. Evid. 602, 701.

12. Paragraph 26 ("In Implant, it is my understanding that I was exposed to arsenic, ion radiation, and possibly beryllium. On June 14, 2012, there was an arsenic exposure which I was never notified of it or informed about. Importantly, this exposure required HASAMAT [sic]

Level B clean-up.") Lacks foundation, improper opinion, speculation, irrelevant. Fed. R. Evid. 401, 602, 701.

Mr. Rizzo's statement lacks foundation, is an improper opinion and is speculation. In addition, Mr. Rizzo's statement is irrelevant to the general causation issues currently before the Court because no substance at any duration of exposure has been demonstrated to cause GPA. *See generally* Defendants' Motion for Summary Judgment and to Exclude Physician Testimony [ECF No. 162]. Further, no expert or physician has offered an opinion that exposure to arsenic, ion radiation or beryllium has been associated (let alone causally associated) with developing GPA. Mr. Rizzo's statement also is irrelevant because he cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd.*, 2011 WL at *5; *Mauro*, 208 F.3d at 386 n.1. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 701.

13. Paragraph 27 ("In addition, beginning in the spring of 2011 I was overly exposed to dust, vapors, fumes, and particles including but not limited to trichloroethylene (TCE), Tris (2-Hydroxyethyl) Methylammonium Hydroxide (THEMAH), anhydrous citric acid, Nmethyldiethanolamine, lactic acid, colloidal silica, crystalline silica, ion radiation, solvents, organic solvents, and heavy metals as the exhaust systems in the Fab 8.1 were over capacitated and failing, the Filter Fan Units (FFU) needed replacement filters, the air handlers/ scrubbers needed added media, the Rotary Condenser Thermal Oxidizers (RCTO) were failing and needed continual maintenance, the factory was dirty, and the labs had dust over all of the exhaust pipes in the chase from the TOOLS. Additionally, the gas cabinets in the subfab had dirty filters which would allow for escaped toxins within the ambient air due to failed air flow. I highly believe this is why Globalfoundries reduced the TOOL install work load (contracted bids with union workers) at this time because they knew that the factory was failing.") Lacks foundation, improper opinion, irrelevant. Fed. R. Evid. 401, 602, 701.

Mr. Rizzo's statement lacks foundation and is an improper opinion. In addition, Mr. Rizzo's statement is irrelevant to the general causation issues currently before the Court because no substance at any duration of exposure has been demonstrated to cause GPA. *See generally*

Defendants' Motion for Summary Judgment and to Exclude Physician Testimony [ECF No. 162]. Further, no expert or physician has offered an opinion that exposure to any of the chemicals in this statement other than TCE and silica has been associated (let alone causally associated) with developing GPA. Mr. Rizzo's statement also is irrelevant because he cannot rely on exposures not alleged in his pleadings. *See Iroquois Master Fund, Ltd.*, 2011 WL at *5; *Mauro*, 208 F.3d at 386 n.1. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 602, 701.

14. Paragraph 29 (" . . . it is important to note that OSHA did not do a complete investigation into my claims.") Lacks foundation, improper opinion. Fed. R. Evid. 602, 701.

Mr. Rizzo's statement lacks foundation and is an improper opinion. Accordingly, the statement must be excluded. Fed. R. Evid. 602, 701.

15. Paragraph 30 ("I was informed by the Director of OSHA's Albany office that she ordered the investigation into my claims stopped. As such, the investigation was terminated before it was completed. Had the investigation been completed, it is my belief, a causal connection between my illness and my exposures would have been established.") Hearsay, lacks foundation, improper opinion, speculation. Fed. R. Evid. 602, 701, 801-802.

Mr. Rizzo's statement is offered to prove that the Director of OSHA's Albany ordered the investigation into his claims stopped and, therefore, is inadmissible hearsay. The remainder of Mr. Rizzo's statement lacks foundation, is an improper opinion and is speculation. Accordingly, the entire statement must be excluded. Fed. R. Evid. 602, 701, 801-802.

16. Paragraph 31 ("In addition, at the time Workers' Compensation made its decision with regard to my claim it was not in possession of all of my medical records. Thus, the dismissal of my Workers' Compensation claim should not be used as a basis for dismissing this case.") Improper opinion, improper legal conclusion, speculation, lacks foundation, best evidence rule. Fed. R. Evid. 602, 701, 1002.

Mr. Rizzo's statement is an improper legal conclusion that is speculative and lacks foundation. In addition, pursuant to Federal Rule of Evidence 1002, the workers' compensation

record is the best evidence of its contents. Mr. Rizzo's characterization of the record is inadmissible secondary evidence. Accordingly, Mr. Rizzo's statement must be excluded. Fed. R. Evid. 602, 701, 1002.

17. Paragraph 32 (" . . . who has informed me that it is his opinion, with a reasonable degree of medical and scientific certainty, that my ANCA associated vasculitis is causally related to my exposures to the toxic substances outlined above as well as the nano silica particles. Dr. Wang has expressed his opinions in sworn testimony as well as in any accompanying declaration in opposition to Defendants' motions.") Hearsay, irrelevant. Fed. R. Evid. 401, 801-802.

Mr. Rizzo's characterization of Dr. Wang's opinion is inadmissible hearsay and irrelevant. Accordingly, the statement must be excluded. Fed. R. Evid. 401, 801-802.

DATED: February 13, 2017

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  /s/ *Berj K. Parseghian*
Berj K. Parseghian, Bar No. 519498
Attorneys for Defendant Applied Materials, Inc.
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Facsimile: 212.232.1399
E-Mail: berj.parseghian@lewisbrisbois.com


JONES DAY

By:  /s/ *Sharyl A. Reisman*
Sharyl A. Reisman, Bar No. 519556
Attorneys for Defendant
GLOBALFOUNDRIES U.S., Inc.
250 Vesey Street
New York, New York 10281
Telephone: 212.326.3939
Facsimile: 212.755.7306
E-Mail: sareisman@jonesday.com

# CERTIFICATE OF SERVICE

I, Berj K. Parseghian, certify that on February 13, 2017, I caused the following documents:

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE
AFFIDAVIT OF TIMOTHY RIZZO**

☒ to be filed electronically with the Clerk of Court through ECF

I certify that the foregoing is true and correct.

DATED: February 13, 2017

                                                           /s/ *Berj K. Parseghian*
                                                               Berj K. Parseghian