UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

TIMOTHY J. RIZZO,

    *Plaintiff,*

v.

APPLIED MATERIALS, INC., and
GLOBALFOUNDRIES U.S., INC.

    *Defendant*s.

6:15-CV-00557 (MAD) (ATB)

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION TO "REARGUE, RENEW, AND AMEND"

Sharyl A. Reisman
Bar No. 519556
JONES DAY
250 Vesey Street
New York, NY 10281
Tel: 212.326.3939
Fax: 212.755.7306
Email: sareisman@jonesday.com

Traci Lovitt
Bar No. 511520
JONES DAY
100 High Street, 21st Floor
Boston, MA 02110.1781
Tel: 617.449.6900
Fax: 617.449.6999
Email: tlovitt@jonesday.com

*Counsel for Defendant GlobalFoundries U.S., Inc.*

Berj K. Parseghian
Bar No. 519498
LEWIS BRISBOIS BISGAARD
& SMITH LLP
77 Water Street
New York, New York 10005
Tel: (212) 232-1300
Fax: (212) 332-1399
berj.parseghian@lewisbrisbois.com

*Counsel for Defendant Applied Materials, Inc.*

# TABLE OF CONTENTS

                                                **Page**

INTRODUCTION ................................................................................................................. 1
BACKGROUND .................................................................................................................. 2
LEGAL STANDARDS ........................................................................................................ 2
ARGUMENT ........................................................................................................................ 5
I.     PLAINTIFF'S MOTION IS UNTIMELY ................................................................ 5
II.    PLAINTIFF CANNOT SATISFY ANY OF THE LEGAL STANDARDS FOR RECONSIDERATION ............................................................................................. 6
III.   PLAINTIFF'S ARGUMENTS ARE MERITLESS ................................................. 6
       A.    "Argument 1": The Chemical List ................................................................ 7
       B.    "Argument 2": Film Badges ......................................................................... 8
       C.    "Argument 3": Video Footage ..................................................................... 9
       D.    "Argument 4": Brownfield Clean-Up Program ........................................... 9
       E.    "Argument 5": Immunologic Studies and Epidemiology ........................... 9
       F.    "Argument 6": Defendants' Experts' Bias ................................................. 10
       G.    "Argument 7": Plaintiff's Experts' "Rule In" Methodology ..................... 10
       H.    "Argument 8[a]": ANCA ............................................................................ 11
       I.    "Argument 8[b]": Veterans Affairs Decision ............................................ 11
       J.    "Argument 9": Additional Inapposite Authority ....................................... 12
       K.    "Argument 10": Punitive Damages ............................................................ 12
CONCLUSION ................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Cyrus v City of New York*, No. 06-CV-4685, 2010 WL 148078 (E.D.N.Y. Jan. 14, 2010) ........... 5

*Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155 (2d Cir. 2001) .......................................................... 3, 6

*In re Rezulin Prod. Liab. Litig.*, 369 F. Supp. 2d 398 (S.D.N.Y. 2005) ......................................... 8

*Liu v. Kinokuniya Co.*, 161 F. App'x 119 (2d Cir. 2005) ............................................................ 4, 6

*McCullock v. H.B. Fuller Co.*, 61 F.3d 1038 (2d Cir. 1995) ..................................................... 10, 11

*Mitsubishi Electric Corp. v Westcode, Inc.*, 15-CV-505, 2017 WL 1184195
 (N.D.N.Y. Mar. 29, 2017) ........................................................................................................ 3, 6

*Onebeacon Am. Ins. Co. v. Fulton Boiler Works, Inc.*, 13-CV-1525, 2016 WL 6902156
 (N.D.N.Y. Nov. 23, 2016) ............................................................................................................ 3

*Paddington Partners v. Bouchard*, 34 F.3d 1132 (2d Cir. 1994) ................................................... 4

*Peterson v. Syracuse Police Dep't*, 467 F. App'x 31 (2d Cir. 2012) .......................................... 5, 6

*Sequa Corp. v. GBJ Corp.*, 156 F.3d 136 (2d Cir. 1998) ............................................................... 4

*Shrader v. CSX Transportation, Inc.*, 70 F.3d 255 (2d Cir. 1995) .............................................. 3, 6

*Sica v. DiNapoli*, 141 A.D.3d 799, 36 N.Y.S.3d 259 (N.Y. App. Div. 2016) ............................. 12

*Truskoski v. ESPN, Inc.*, 60 F.3d 74 (2d Cir. 1995) ....................................................................... 4

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992) .......................... 5

*Wingate v City of New York*, 17-CV-618, 2017 WL 3498698 (N.D.N.Y. Aug. 15, 2017) ............ 3

**Statutes**

28 U.S.C. § 1746 .............................................................................................................................. 5

**Other Authorities**

Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2854 (3d ed.) ..................................................... 4, 6

**Rules**

Fed. R. Civ. P. 43(c) ........................................................................................................................ 5

Fed. R. Civ. P. 56(c) ........................................................................................................................ 5

Page

Fed. R. Civ. P. 59(e) ................................................................................................... 4

Fed. R. Civ. P. 60(a) ................................................................................................... 3

Fed. R. Civ. P. 60(b) ................................................................................................... 4

Fed. R. Evid. 602 ........................................................................................................ 5

Fed. R. Evid. 701 ........................................................................................................ 5

Fed. R. Evid. 801 ........................................................................................................ 5

Fed. R. Evid. 802 ........................................................................................................ 5

Local Rule 7.1(g) .................................................................................................... 3, 5

**INTRODUCTION**

Plaintiff Timothy Rizzo suffers from a rare autoimmune disease with no known cause called granulomatosis with polyangiitis ("GPA"). He blames his illness on chemical exposures he allegedly experienced while working at Defendant GlobalFoundries U.S., Inc.'s ("GlobalFoundries") semiconductor-manufacturing facility. As this Court and two different agencies have already found, however, "Plaintiff cannot point to any scientific evidence suggesting that his alleged exposures are capable of causing GPA." Memorandum-Decision and Order, dated September 11, 2017, Dkt. 176 (the "MSJ Mem."), at 38. Indeed, "it is abundantly clear . . . that the medical community believes that GPA has no known cause." *Id.* at 24. For that reason, this Court granted summary judgment in favor of Defendants in a careful, well-reasoned opinion. *See id.* at 34.

Unhappy with that result, Plaintiff—now acting *pro se* after his counsel's withdrawal (Dkt. 187)[1]—has filed both a Notice of Appeal (Dkt. 180) and the instant Motion to "Reargue, Renew and Amend." Dkt. 182 (the "Motion to Reargue"). Although it is not clear what relief Plaintiff seeks, it is more than clear that he is not entitled to it. Defendants are sympathetic to Plaintiff's health challenges. But, as this Court correctly found, Plaintiff cannot maintain a cause of action against Defendants for a disease with no known cause—particularly in the absence of any reliable expert evidence.

Plaintiff's Motion to Reargue is, as an initial matter, untimely. Moreover, Plaintiff comes nowhere close to satisfying the standard for reconsideration. To the contrary, Plaintiff's Motion

---

[1] In his withdrawal papers, Plaintiff's counsel notes that he has explained the Court's Memorandum-Decision and Order to Plaintiff and informed him that counsel did "not believe that an appeal of that Judgment could be successfully pursued and, accordingly," that counsel would "not undertake to file such an appeal on [Plaintiff's] behalf." Dkt. 187-1 at 12 (emphasis added).

to Reargue is just another of Plaintiff's repeated attempts to resurrect and recycle arguments the Court and other tribunals have already rejected. Accordingly, Plaintiff's Motion to Reargue should be denied.

## BACKGROUND

As this Court is already familiar with the facts of this matter, Defendants will not belabor them. In brief:

Plaintiff alleges that he began working at GlobalFoundries' Fab 8 semiconductor-manufacturing facility in May 2012. MSJ Mem. at 2. He alleges that he was chronically exposed to toxic substances between May and August 2012, and that he experienced an acute exposure on August 2, 2012. *See* MSJ Mem. at 2. Plaintiff further alleges that, at some point soon thereafter, he developed GPA. MSJ Mem. at 3.

After the New York Workers Compensation Board and the U.S. Department of Labor's Office of Occupational Safety and Health Administration rejected his claims, Plaintiff filed suit in this Court. The Court bifurcated proceedings, ordering that the parties begin with the issue of general causation—*i.e.*, whether *any* exposure to *any* substance has been demonstrated to cause GPA. *See* Minute Order (Aug. 13, 2015); Dkt. No. 56. Because GPA has no known cause and because Plaintiff failed to introduce any admissible evidence to the contrary, the Court granted Defendants' Motion for Summary Judgment and to Exclude Expert Testimony on September 11, 2017. *See generally* MSJ Mem.

## LEGAL STANDARDS

Plaintiff presents his motion as one to "Reargue, Renew and Amend." Dkt. 182. While the Motion does not specify the precise relief Plaintiff requests or identify the procedural mechanism Plaintiff is proceeding under, on its face, the motion appears to be one for

reconsideration or reargument pursuant to Local Rule 7.1(g). All motions for reconsideration or reargument must be filed "no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order or decree." Local Rule 7.1(g) (emphasis in the original).

Substantively, "[a] motion for reconsideration"—regardless the procedural mechanism it invokes—"'should not be granted where the moving party seeks solely to relitigate an issue already decided.'" *Wingate v City of New York*, 17-CV-618, 2017 WL 3498698, at *2 (N.D.N.Y. Aug. 15, 2017) (D'Agostino, J.) (quoting *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). As this Court has explained:

> A motion for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. The prevailing rule recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.

*Mitsubishi Electric Corp. v Westcode, Inc.*, 15-CV-505, 2017 WL 1184195, at *2 (N.D.N.Y. Mar. 29, 2017) (D'Agostino, J.) (citations omitted); *see also Onebeacon Am. Ins. Co. v. Fulton Boiler Works, Inc.*, 13-CV-1525, 2016 WL 6902156, at *2 (N.D.N.Y. Nov. 23, 2016) (D'Agostino, J.) (same).

Federal Rules of Civil Procedure 60(a), 60(b), and 59(e)—to the extent any of these Rules are applicable (and they are not)—impose additional substantive hurdles.

Rule 60(a): Rule 60(a) only authorizes courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Accordingly, "[a] motion under Rule 60(a) is available only to correct a judgment 'for the purpose of reflecting accurately a decision that the court actually made.'" *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (quoting *Truskoski v.*

*ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995)); *see also* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2854 (3d ed.) ("Subdivision (a) deals solely with the correction of errors that properly may be described as clerical or as arising from oversight or omission.").

Rule 60(b): Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for," among other things: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A Rule 60(b) motion is granted only upon a showing of exceptional circumstances, and cannot be used to relitigate the merits." *Liu v. Kinokuniya Co.*, 161 F. App'x 119 (2d Cir. 2005); *see also, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994) ("[S]ince 60(b) allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances.'").

Rule 59(e): Finally, Rule 59(e) provides for "motion[s] to alter or amend a judgment." Fed. R. Civ. P. 59(e). "It is well-settled that Rule 59," like Rule 60, "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Rather, a court may only grant a Rule 59(e) motion "where (1) there is an intervening change in the controlling law; (2) new evidence previously not available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice."

*Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 34 (2d Cir. 2012) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).[2]

## ARGUMENT

I. **PLAINTIFF'S MOTION IS UNTIMELY.**

As an initial matter, Plaintiff's motion is untimely. Local Rule 7.1(g) unambiguously provides that motions for reconsideration or reargument must be filed "no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order or decree." (emphasis in the original). The Court entered its Memorandum-Decision and Order granting Defendants' motion for summary judgment and excluding Plaintiff's expert evidence on September 11, 2017. MSJ Mem. Judgment was entered in Defendants' favor the same day. Dkt. 177. Plaintiff did not file his Motion to Reargue until October 10, twenty-nine days later—and, accordingly, fifteen days late. Dkt. 182. Plaintiff's Motion to Reargue is therefore untimely and should be denied on that basis alone. *See, e.g., Cyrus v City of New York*, No. 06-CV-4685, 2010 WL 148078, at *1 (E.D.N.Y. Jan. 14, 2010) (collecting cases for the proposition that "untimely filing" of a motion for reconsideration pursuant to an applicable local rule "is a sufficient basis for denial of the motion").

---

[2] Defendants object to the "Affidavit" of Timothy Rizzo submitted in support of his Motion. The "Affidavit" is unsworn—in violation of applicable rules and statutes. *See* Fed. R. Civ. P. 43(c); 28 U.S.C. § 1746. Moreover, the "Affidavit" consists entirely of argument and inadmissible opinions. Indeed, his statements regarding general causation and his commentary on the medical literature and testimony are not based on personal knowledge, lack foundation, are improper opinions, and contain hearsay. *See* Fed. R. Evid. 602, 701, 801-802. The "Affidavit," accordingly, is inadmissible and should be excluded in its entirety. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

## II. PLAINTIFF CANNOT SATISFY ANY OF THE LEGAL STANDARDS FOR RECONSIDERATION.

In any event, Plaintiff cannot satisfy any of the substantive standards for reconsideration. None of Plaintiff's arguments implicate a clerical error or omission. Rule 60(a), accordingly, is out. *See Hodge*, 269 F.3d at 158; Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2854. Plaintiff fares no better under Rule 60(b), which "cannot be used to relitigate the merits"—exactly what Plaintiff seeks to do here. *Liu*, 161 F. App'x at 119. Moreover, Plaintiff has made (and can make) no showing of "exceptional circumstances." *Id.* Plaintiff also cannot establish any of the three prerequisites for reconsideration pursuant to Local Rule 7.1(g) or Rule 59(e) relief, namely: (1) "an intervening change in the controlling law," (2) "new evidence previously not available," or (3) "a clear error of law or . . . manifest injustice." *Mitsubishi Electric Corp.*, 2017 WL 1184195 at *2; *Peterson*, 467 F. App'x at 34. Plaintiff's motion simply rehashes the same arguments and purported evidence that has already been considered and rejected.

The standards for post-judgment relief are high for a reason: This Court and the parties have expended significant resources litigating these issues. Plaintiff has every right to appeal if he wishes to challenge the Court's ruling. But motions for reconsideration are not do-overs. So "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. None of the reconsideration-related rules conceivably applies, and Plaintiff cannot continue to burden this Court with his meritless serial and duplicative motion practice. The Court should finally put an end to Plaintiff's waste of district court resources and deny the Motion to Reargue.

## III. PLAINTIFF'S ARGUMENTS ARE MERITLESS.

Even putting the applicable legal standards to one side, each of Plaintiff's arguments is easily dispensed with on the merits. Most of the issues Plaintiff raises have nothing to do with

general causation. And none in any way undermines this Court's well-reasoned Memorandum-Decision and Order granting summary judgment.

### A. "Argument 1": The Chemical List

Plaintiff first argues that the document GlobalFoundries produced describing the chemicals in use at Fab 8 (the "Chemical List") was "fake." Motion to Reargue at 1. He also seems to seek information regarding a longer time period than GlobalFoundries provided. *See id.* at 1–2.

As the Court is aware, Plaintiff's complaints regarding the Chemical List have been heard and GlobalFoundries has complied with all of its discovery obligations. *See, e.g.*, 10/8/2015 Minute Entry re Telephonic Status Conference; 1/6/2016 Conference Tr. 7:8-16 ("GlobalFoundries has satisfied its obligations for this Phase I by producing the chemical list … It went to great expense in terms of resource and manpower to put together the list to make sure that it was complete and provide information in fact that wasn't even directly ordered though that we thought would make it more transparent to the plaintiff as to what the chemicals were."). And Plaintiff provides absolutely no support for his assertion that the list was "fake." As to the time period covered, the operative complaint alleged that Plaintiff was a contractor at Fab 8 from May 2012 through August 2012 and that he developed GPA as a result of exposures during that period. *See* Am. Compl. ¶¶ 48, 50, 53–54. Dkt. 35. The Chemical List covered that time period and more. Plaintiff now claims that he was employed at the site for a much longer period and, accordingly, that the Chemical List should have encompassed that longer time frame. But that is not what he alleged in his pleading, and (of course) it was that pleading to which GlobalFoundries' production was directed. Moreover, the Court concluded that further amending his pleadings to expand the time period at issue would be both prejudicial and futile.

MSJ Mem. at 34–39. Even with an expanded time period, "Plaintiff cannot point to any scientific evidence suggesting that his alleged exposures are capable of causing GPA." *Id.* at 38.

The Chemical List in no way limited Plaintiff's arguments as to general causation. "Plaintiff was free to offer a causation opinion with respect to any substance"—whether or not that substance was identified on the Chemical List—"but [he] only offered opinions with respect to silica and TCE." MSJ Mem. at 32. Moreover, "Defendants' experts opined that there are no substances known to cause GPA." *Id.* at 33. Plaintiff's physicians failed to provide admissible evidence to the contrary. Accordingly, the Chemical List, at this stage, is irrelevant. "[N]o matter how many substances Plaintiff alleges that he was exposed to . . . , he has not established that any of these substances are capable of causing GPA." *Id.; see also id.* at 32 n. 13 (finding the Chemical List irrelevant because "Plaintiff has not been able to demonstrate that any substance is capable of causing GPA, and it appears from all the evidence in the record that the medical consensus is that GPA has no known cause").

### B. "Argument 2": Film Badges

Plaintiff contends that Defendants failed to provide "film badges" to protect workers from exposures to radiation. *See* Motion to Reargue at 2–4. Of course, Plaintiff has not presented any evidence that he was exposed to any radiation or that radiation is capable of causing GPA. And even if Mr. Rizzo had been exposed to radiation it is irrelevant to the general causation of his GPA. As this Court explained, "[g]eneral causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." MSJ Mem. at 3 (quoting *In re Rezulin Prod. Liab. Litig.*, 369 F. Supp. 2d 398, 402 (S.D.N.Y. 2005)). Thus, the

unsupported allegations of Mr. Rizzo's radiation exposure, which have nothing to do with general causation, provide no basis to reconsider the Court's decision.

### C. "Argument 3": Video Footage

Plaintiff next asserts that Defendants destroyed video footage of his alleged acute exposure. *See* Motion to Reargue at 5. In addition to being utterly baseless (as previously addressed by this Court, *see, e.g.*, 6/8/2016 Conference Tr. at 36), this assertion, too, is irrelevant. Again, the question at this stage was whether *any* substance is capable of causing GPA. *See* MSJ Mem. at 3. For purposes of that question, Plaintiff's version of events was taken as a given and, as a result, all the corroborating video footage in the world—which, contrary to Plaintiff's assertion, simply did not exist—could not have changed the outcome.

### D. "Argument 4": Brownfield Clean-Up Program

Plaintiff points to historical events and a statewide chemical clean-up program to imply that his workplace was contaminated by unidentified toxins. *See* Motion to Reargue at 6–10. But even putting the veracity of this information to one side, it simply has nothing to do with general causation which, again, concerns whether an exposure is *capable* of causing a particular disease (as opposed to whether an exposure in fact occurred and in fact caused a particular disease). *See* MSJ Mem. at 3. Plaintiff's unsupported clean-up allegations are irrelevant to the question of general causation that was the basis of the Court's decision.

### E. "Argument 5": Immunologic Studies and Epidemiology

Plaintiff next argues that "statistical charts" and "immunologic studies" suffice to establish general causation consistent with accepted principles of epidemiology. *See* Motion to Reargue at 10–14. But this Court conducted a comprehensive review of the relevant literature—including most of the studies on which Plaintiff now relies—and correctly determined otherwise.

*See* MSJ Mem. at 28–31. In any event, Plaintiff failed to introduce any admissible expert testimony to support general causation. *See id.* at 32. And Plaintiff's lay interpretation of the medical literature is not sufficient to refute the testimony of Defendants' experts. *See id.* at 33 ("Defendants' experts opined that there are no substances known to cause GPA, and their opinions were based on numerous articles and studies.").

### F. "Argument 6": Defendants' Experts' Bias

Plaintiff next contends that Defendants' experts were biased. *See* Motion to Reargue at 15–17. As an initial matter, Plaintiff's argument is misdirected. Plaintiff has the burden of proving general causation, and it was Plaintiff's failure to submit admissible evidence of general causation that entitled Defendants to summary judgment. *See* MSJ Mem. at 34. In any event, Plaintiff never moved to exclude the testimony of Defendants' experts, and the Court reviewed their testimony in detail and found it consistent with the underlying data. *See id.* at 33. Moreover, the specific complaints Plaintiff raises—including that "it seem[ed] as if the doctors were not being told the truth about [Plaintiff's] medical or the exposures at the Site," Motion to Reargue at 16—are baseless and yet again, directed to specific, rather than general, causation.

### G. "Argument 7": Plaintiff's Experts' "Rule In" Methodology

Plaintiff argues, relying on the Second Circuit's decision in *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038 (2d Cir. 1995), that his experts should have been permitted to "rule in" a potential cause of his GPA and then "rule out" other possible causes. *See* Motion to Reargue at 17–20. But Defendants never argued—and this Court never ruled—that differential diagnosis is a categorically impermissible methodology (though it would need to be presented in a scientifically reliable manner). Instead, Dr. Wang's testimony was excluded because, in addition to the Court's "concern[ ] with [his] utter lack of experience and training," his opinion lacked

any reliable basis, conflicted with the scientific consensus, and was "developed solely for this litigation." MSJ Mem. at 24. And Dr. Miloslavsky's testimony was excluded because "the studies that [he] relie[d] on simply [did] not support his causation opinion." *Id.* at 16, 31. *McCullock*, by contrast, involved reliable testimony proffered by qualified experts and, in any event, addressed a specific-causation (not a general-causation) question.

### H. "Argument 8[a]"[3]: ANCA

Plaintiff alleges that the Court failed to recognize that he "was ANCA" and that "ANCA is GPA." Motion to Reargue at 20–21. But this Court expressly acknowledged (and no one disputed) that "GPA is an antineutrophil cytoplasmic autoantibodies ("ANCA")-associated vasculitis, or AAV." Order at 3. To be sure, there are other AAVs besides GPA. *See id.* at 19–20. But this Court never intimated any doubts as to whether, for purposes of this stage of litigation, Plaintiff suffered from ANCA-associated vasculitis (in the form of GPA).

### I. "Argument 8[b]": Veterans Affairs Decision

Plaintiff contends that the Court should have considered a decision by the Department of Veterans Affairs approving "service connection" for a veteran's GPA. *See* Motion to Reargue at 21–22 & Ex. P. But the brief opinion from the Department is not properly before the Court, was not relied upon by Plaintiff's physicians, and appears to have involved a different standard of proof. *See id.* Moreover, the Department was not limited by *Daubert*; the claimant alleged an entirely different exposure; and the claimant had precisely what Plaintiff lacks: evidence from a credible expert that the particular exposures the claimant incurred were capable of causing GPA. *See id.*, Ex. P.

---

[3] Plaintiff's Motion to Reargue contains two arguments numbered "8." Defendants respond to each in the order presented.

### J. "Argument 9": Additional Inapposite Authority

Plaintiff also suggests that the Court should have considered *Sica v. DiNapoli*, 141 A.D.3d 799, 36 N.Y.S.3d 259 (N.Y. App. Div. 2016), appeal dismissed, 28 N.Y.3d 1112, 68 N.E.3d 81 (2016), and leave to appeal granted, 29 N.Y.3d 908, 80 N.E.3d 405 (2017). *See* Motion to Reargue at 22-23. But that case—which addressed whether a particular incident "constitute[d] an accident within the meaning of Retirement and Social Security Law § 363," *id.* at 799—has nothing to do with this one.

### K. "Argument 10": Punitive Damages

Finally, Plaintiff argues that he is entitled to punitive damages. *See* Motion to Reargue at 23–24. But damages have nothing to do with general causation. And because Plaintiff could not establish general causation, he is not entitled to any damages—much less punitive damages.

## CONCLUSION

This litigation has gone on long enough. For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Reargue, Renew, and Amend.

Dated: November 6, 2017                    Respectfully submitted,

*/s/ Sharyl A. Reisman*
Sharyl A. Reisman
Bar No. 519556
JONES DAY
250 Vesey Street
New York, NY 10281
Tel: 212.326.3939
Fax: 212.755.7306
Email: sareisman@jonesday.com

Traci Lovitt
Bar No. 511520
JONES DAY
100 High Street, 21st Floor
Boston, MA 02110.1781
Tel: 617.449.6900
Fax: 617.449.6999
Email: tlovitt@jonesday.com

*Counsel for Defendant GlobalFoundries U.S., Inc.*

Berj K. Parseghian
Bar No. 519498
LEWIS BRISBOIS BISGAARD
& SMITH LLP
77 Water Street
New York, New York 10005
Tel: (212) 232-1300
Fax: (212) 332-1399
berj.parseghian@lewisbrisbois.com

*Counsel for Defendant Applied Materials, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic transmission through the Court's Case Management Electronic Case Filing system to all counsel of record and to Plaintiff via electronic mail, this 6th day of November 2017.

*/s/ Sharyl A. Reisman*

Sharyl A. Reisman