**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TIMOTHY J. RIZZO,**

                                     **Plaintiff,**

    vs.                                                    **6:15-cv-557**
                                                          **(MAD/ATB)**

**APPLIED MATERIALS, INC., and**
**GLOBALFOUNDRIES, U.S., INC.,**

                                     **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**TIMOTHY J. RIZZO**
272 County Highway 107
Johnstown, New York 12095
Plaintiff, *pro se*

**THE MILLS LAW FIRM**                  **GREGORY MILLS, ESQ.**
1520 Crescent Road, Suite 100
Clifton Park, New York 12065
Attorney for Plaintiff

**LEWIS, BRISBOIS LAW FIRM**       **BERJ K. PARSEGHIAN, ESQ.**
New York Office                         **PHILIP J. O'ROURKE, ESQ.**
77 Water Street, Suite 2100
New York, New York 10005
Attorneys for Defendant
Applied Materials, Inc.

**JONES DAY LAW FIRM**              **ERIC P. STEPHENS, ESQ.**
New York Office                         **SHARYL A. REISMAN, ESQ.**
222 East 41st Street                   **TRACI L. LOVITT, ESQ.**
New York, New York 10017
Attorneys for Defendant
Globalfoundries, U.S., Inc.

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

## I. BACKGROUND[1]

On April 30, 2015, Plaintiff Timothy J. Rizzo filed a complaint in the Northern District of New York against Defendants Globalfoundries USA, Inc. and Applied Materials, Inc. ("Defendants"), pursuant to 28 U.S.C. § 1332(a), alleging that Defendants' chemicals and conduct caused him to develop granulomatosis with polyangiitis ("GPA"). *See* Dkt. No. 1. Plaintiff filed an amended complaint on July 29, 2015. *See* Dkt. No. 35. On September 1, 2015, Magistrate Judge Baxter ordered the parties to engage in phased discovery, with phase I addressing the general causation of Plaintiff's GPA. *See* Dkt. No. 56.

On December 20, 2016, Plaintiff moved for leave to file a second amended complaint. *See* Dkt. No. 158. The proposed second amended complaint would have alleged additional chemicals that could have caused GPA and moved the beginning of the exposure period from 2012 back to 2011. *See* Dkt. No. 158-4 at 1. The next day, Defendants filed a joint motion for summary judgment on the grounds that Plaintiff would be unable to establish general causation. *See* Dkt. No. 162. On September 11, 2017, this Court issued a Memorandum-Decision and Order (the "September Order") denying Plaintiff's motion for leave to file a second amended complaint and granting Defendants' motion for summary judgment. *See* Dkt. No. 176. On October 11, 2017, Plaintiff filed a motion to reargue, renew, and amend. *See* Dkt. No. 182. Defendants have filed a joint request to strike Plaintiff's reply memorandum. *See* Dkt. No. 198.

On October 23, 2017, Plaintiff's attorney moved to withdraw as counsel. *See* Dkt. No. 187. Mr. Mills discussed the end of his service with Plaintiff on September 24, 2017. *See id.* at ¶ 6. Mr. Mills states in a sworn affidavit that his retainer agreement with Plaintiff was limited to

---

[1] The Court presumes the parties' familiarity with the facts of this case. A thorough account of the facts and pertinent expert opinions can be found in this Court's September 11, 2017 Memorandum-Decision and Order. *See* Dkt. No. 176 at 2-34.

general causation proceedings, up to and including opposing any motions for summary judgment brought by Defendants. *See* Dkt. No. 187-1 at ¶¶ 3-4. Defendants do not oppose allowing Mr. Mills to withdraw. *See* Dkt. No. 198.

Currently before the Court is Plaintiff's motion to reargue, renew, and amend; Defendants' motion to strike; and Plaintiff's counsel's motion to withdraw.

## II. DISCUSSION

### A. Standard of Review

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

"'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Juliano v. DeAngelis*, No. 06-CV-1139, 2007 WL 2454216, *1 (N.D.N.Y. Aug. 23, 2007) (quoting *C–TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the

3

need to correct a clear error of law or prevent manifest injustice.'" *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.  Reconsideration is not a "vehicle[] for bringing before the court theories or arguments that were not advanced earlier.  Nor may the motion present evidence which was available but not offered at the original [motion]." *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3 (quotation omitted).

**B.     Analysis**

Plaintiff makes eleven arguments why the Court should reconsider the September Order. Given Plaintiff's *pro se* status, the Court interprets his motion to reargue, renew, and amend as a motion pursuant to Fed. R. Civ. P 60(b) to vacate summary judgment and a motion pursuant to Fed. R. Civ. P. 54(b) to reconsider Plaintiff's motion for leave to amend.

First, Plaintiff claims that the list of chemicals that Defendants provided during discovery was fraudulent. *See* Dkt. No. 182 at 2-3.  However, Plaintiff fails to support his allegation that the chemical list provided by Defendants was "fake."  Mere conclusory allegation are insufficient to grant a motion to reconsider. *See Nederlandsche Handel-Maatschappij, N. V. v. Jay Emm, Inc.*, 301 F.2d 114, 115 (2d Cir. 1962); *see also Di Vito v. Fid. & Deposit Co. of Md.*, 361 F.2d 936, 939 (7th Cir. 1966) (holding that "averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud").  As such, the conclusory allegation of a "fake" list is insufficient to meet Plaintiff's burden.

Plaintiff also argues that Defendants only provided a list of the chemicals used from May 2012 to December 2012. *See* Dkt. No. 182 at 2-3.  Plaintiff, however, claims that he was

employed at the site from July 6, 2009 through January 31, 2013. *See id.* The Amended Complaint, however, specifically alleged that the harmful exposure occurred between May 2012 and August 2012. *See* Dkt No. 35 at ¶ 53. Therefore, Defendants were not required to produce during discovery evidence beyond the period alleged. Because the Court already denied Plaintiff leave to file a second amended complaint in order to expand the exposure period, the Court also interprets Plaintiff's first argument as a motion to reconsider Plaintiff's motion for leave to amend. However, as Plaintiff has not provided a justification that satisfies any of the three grounds under which the Court may grant a motion to reconsider, the Court will not reconsider its decision to deny Plaintiff leave to amend his complaint.

Plaintiff's next three arguments all contend that the Court did not consider evidence that Plaintiff was exposed to hazardous chemicals. *See* Dkt. No. 182 at 4-9. However, the issue underlying the September Order was whether Plaintiff could satisfy the general causation requirement. *See* Dkt. No. 176 at 32. This inquiry simply requires the Court to determine whether any chemicals that Plaintiff claims he was exposed to could have caused his disorder—whether he was actually exposed is an entirely separate inquiry. *See Green v. McAllister Bros.*, Nos. 02 Civ. 7588, 03 Civ. 1482, 2005 WL 742624, *11 (S.D.N.Y. Mar. 25, 2005) (citation omitted). As these three arguments only assert that Plaintiff was exposed to chemicals, they do not speak to general causation and are outside of the scope of the September Order.

Plaintiff then makes four arguments that present Plaintiff's lay interpretation of scientific studies, challenge the credibility of Defendants' experts, and contest the Court's use of scientific literature in the September Order. *See* Dkt. No. 182 at 11-22. These merely represent arguments

5

that the Court considered and rejected in the September Order and do not set forth any grounds for reconsideration.

Plaintiff then cites two decisions that he believes are indicative of errors in the September Order. First, Plaintiff cites to a decision by the Department of Veterans Affairs suggesting a possible link between chemical exposure and Plaintiff's health conditions. *See* Dkt. No. 182 at 22; Dkt. No. 182-7 at 2. However, Plaintiff admits that this case was not previously presented to the Court. *See* Dkt. No. 182 at 22. Further, the opinion is an administrative decision dealing with veteran compensation, not civil liability, and, therefore, it is not controlling law, it involved a different standard of proof, and was not limited by *Daubert*. As such, the fact that this decision was not addressed in the September Order is not grounds for reconsideration.

Second, Plaintiff suggests that *Sica v. DiNapoli*, 141 A.D.3d 799 (3d Dep't 2016), *rev'd sub nom. Kelly v. DiNapoli*, 30 N.Y.3d 674 (2018), supports his position. *See* Dkt. No. 182 at 23-24. *Sica*, however, only defined the term "accident" under N.Y. Retire. & Soc. Sec. Law § 363 and the panel explicitly declined "to address . . . the issue of causation." *Sica*, 141 A.D.3d at 801. As such, *Sica* is not material to the case at hand.

Finally, Plaintiff argues that he should be entitled to punitive damages. Determining the amount and type of damages that Plaintiff could recover is an entirely separate question from general causation. Thus, this argument is outside the scope of the September Order.

Given that none of Plaintiff's arguments establish grounds for reconsideration, Plaintiff's motion is denied. Further, as Plaintiff's motion is denied, Defendants' request to strike is denied as moot. Finally, having reviewed the motion to withdraw, the Court finds that it is in compliance with Local Rule 83.2 and good cause exists to grant the motion.

### III. CONCLUSION

After carefully reviewing the complaint in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to reconsider (Dkt. No. 182) is **DENIED**; and the Court further

**ORDERS** that Defendants' request to strike (Dkt. No. 198) is **DENIED** as moot; and the Court further

**ORDERS** that the motion to withdraw (Dkt. No. 187) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall terminate Gregory Mills as counsel of record for Plaintiff; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 2, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge