**MANDATE**

17-3274 (L)
Rizzo v. Applied Materials, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand eighteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges,*
> PAUL G. GARDEPHE, *
> > *District Judge.*

---

**Timothy J. Rizzo,**

> *Plaintiff-Appellant*,

v.      17-3274 (L)
         18-1490 (Con)

**Applied Materials, Inc., GlobalFoundries, U.S., Inc.**

> *Defendants-Appellees*,

**GlobalFoundries, Inc., AM Technical Solutions, Inc.,**

> *Defendants*.

---

FOR PLAINTIFF-APPELLANT:      TIMOTHY J. RIZZO, pro se, Johnstown, NY.

---

\* Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 01/03/2019

| | |
|---|---|
| **FOR DEFENDANTS-APPELLEES:** | Berj Parseghian, Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (for Applied Materials, Inc.) |
| | AMANDA K. RICE, Sharyl A. Reisman, Eric P. Stephens, Jones Day, New York, NY, Traci L. Lovitt, Jones Day, Boston, MA (for GlobalFoundries, U.S., Inc.). |

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Timothy Rizzo, pro se, brought a diversity toxic tort action against GlobalFoundries, U.S., Inc. and Applied Materials, Inc., alleging that he developed granulomatosis with polyangiitis ("GPA"), a severe autoimmune disease, after being exposed to several toxic substances as a result of defendants' negligence. The district court divided discovery into phases, with the first phase addressing general causation, that is, whether any of the substances to which Rizzo was allegedly exposed can cause GPA. The district court excluded the opinions of Rizzo's two experts as unreliable and granted summary judgment to defendants because Rizzo had submitted no other evidence raising a genuine issue of material fact about general causation, which he had to prove to prevail on his claims. In addition to his appellate arguments challenging the district court's summary judgment order, Rizzo moves to set a standard hourly rate for future expert depositions in the case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review de novo a grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). We review the exclusion of an expert's testimony under a "highly deferential" abuse of discretion standard and will sustain the exclusion "unless manifestly erroneous." *Restivo v. Hessemann*, 846 F.3d 547, 575 (2d Cir. 2017) (internal quotation marks omitted). We review the denial of leave to amend, denial of a motion to amend the judgment, and discovery rulings for abuse of discretion. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (leave to amend); *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (alter judgment); *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (discovery rulings).

Under Federal Rule of Evidence 702, district courts must screen scientific evidence to "ensure that . . . [it] is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Under *Daubert*, factors relevant to determining reliability include the theory's testability, the extent to which is has been subjected to peer review and publication, the extent to which a technique is subject to standards controlling the technique's operation, the known or potential rate of error, and the degree of acceptance within the relevant scientific community. *Restivo*, 846 F.3d 575-76. "If [an expert's] opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 662 (2d Cir. 2016) (internal quotation marks omitted).

Upon review of the whole record, we conclude that the district court properly considered the factors in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); excluded the testimony

of Rizzo's experts; granted summary judgment to defendants; denied leave to amend; and denied Rizzo's objection to the magistrate judge's fee order. We affirm for substantially the reasons given by the district court in its thorough and well-reasoned September 11, 2017 decision.

We have considered all of Rizzo's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** as moot the motion to set a standard hourly rate for future expert depositions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

_____

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand and nineteen.

_____

| | |
|---|---|
| Timothy J. Rizzo, | **STATEMENT OF COSTS** |
| Plaintiff - Appellant, | Docket No. 17-3274 |
| v. | |
| Applied Materials, Inc., GlobalFoundries, U.S., Inc., | |
| Defendants – Appellees. | |

_____

IT IS HEREBY ORDERED that costs are taxed in favor of the appellees in the following amounts:

Applied Materials, Inc.     $219.40

GlobalFoundries, U.S., Inc.     $219.40

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court