**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**TIMOTHY J. RIZZO,**

                              **Plaintiff,**

vs.                                             **6:15-cv-557**
                                                      **(MAD/ATB)**

**APPLIED MATERIALS, INC.; and**
**GLOBALFOUNDRIES, U.S., INC.,**

                                **Defendants.**

---

**APPEARANCES:**                                      **OF COUNSEL:**

**TIMOTHY J. RIZZO**
Plaintiff *pro se*

**LEWIS, BRISBOIS LAW FIRM**               **BERJ K. PARSEGHIAN, ESQ.**
New York Office                                 **PHILIP J. O'ROURKE, ESQ.**
77 Water Street, Suite 2100
New York, New York 10005
Attorneys for Defendant
Applied Materials, Inc.

**JONES, DAY LAW FIRM**                      **TRACI L. LOVITT, ESQ.**
New York Office                                 **ERIC P. STEPHENS, ESQ.**
222 East 41st Street                            **SHARYL A. REISMAN, ESQ.**
New York, New York 10017
Attorneys for Defendant
GlobalFoundries, U.S., Inc.

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Timothy J. Rizzo commenced this action on April 30, 2015, and filed an amended complaint on July 29, 2015 asserting eleven causes of action and seeking at least $75,000 in compensatory and punitive damages against Defendants Applied Materials, Inc. and

GlobalFoundries, U.S., Inc. ("Defendants"). *See* Dkt. No. 35. In a Memorandum-Decision and Order dated March 22, 2016, the Court dismissed Counts III, IV, V, and VII of Plaintiff's amended complaint. *See* Dkt. No. 106 at 8. Thereafter, on September 11, 2017, the Court granted Defendants' motion for summary judgment as to the remaining claims and entered judgment in their favor. *See* Dkt. No. 176. On October 10, 2017, Defendants both moved for the taxation of costs. *See* Dkt. Nos. 178 & 179. Specifically, Defendant Applied Materials seeks $8,427.98 and Defendant GlobalFoundries seeks $9,109.59. *See id.* Because Plaintiff filed a notice of appeal, no action was taken on the motions for taxation of costs. In a mandate issued on January 3, 2019, the Second Circuit affirmed this Court's Memorandum-Decision and Order granting Defendants' motion for summary judgment. *See* Dkt. No. 232.

Defendants' motions for taxation of costs are now fully briefed. For the following reasons, Defendants' motion are denied.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide that, as a general matter, "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This provision "codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013) (footnote omitted). "Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Id.* (citation omitted).

Rule 54(d) permits the taxation of costs only in favor of prevailing parties. Within the meaning of Rule 54(d), "for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health &*

*Human Resources*, 532 U.S. 598, 605 (2001)). A defendant may prevail by winning "a judgment on the merits," *Mr. L. v. Sloan*, 449 F.3d 405, 406 (2d Cir. 2006) (citation omitted), which alters the legal relationship of the parties in that it "immunize[s][the] defendant from the risk of further litigation on the merits of a plaintiff's claims," *Dattner*, 458 F.3d at 103.

In his objections to Defendants' bills of costs, Plaintiff claims that granting Defendants' the requested costs would be inequitable because he is indigent. *See* Dkt. No. 235 at 1-2. Plaintiff asserts that he has put his own expenses for this litigation on a credit card and borrowed money from his parents, all while continue to pay his medical expenses. *See id.* Further, Plaintiff alleges that his claims were well supported and that he pursued this litigation in good faith. *See id.*

In response, Defendants contend that "Plaintiff's claimed indigence is insufficient to avoid an award of costs for pursuing his weak claim." Dkt. No. 236 at 1. Additionally, Defendants note that Plaintiff's financial affidavit indicates that his income exceeds 150% of the Department of Health and Human Services Poverty Guideline and further argue that "Plaintiff lives at home with his parents and, thus, his living expenses should not be substantial." *Id.* at 4. Moreover, Defendants contend that all of the costs sought are reasonable, necessary, and authorized by law. *See id.* at 4-6. Defendants note that all of the subpoena fees and transcript costs claimed by them were for depositions that were used in support of their motion for summary judgment and *Daubert* motion. *See id.* at 3. Finally, Defendants contend that "Plaintiff pursued his weak claim in federal court following multiple proceedings and appeals before the New York Workers Compensation Board" and that he "appealed this Court's decision to the United States Court of Appeals for the Second Circuit, despite his counsel's oral and written admonition in its motion to withdraw that counsel 'do[es] not believe that an appeal of [the Court's] Judgment could be

3

successfully pursued and, accordingly, [they] will not undertake to file such an appeal on [his] behalf.'" *Id.* at 5-6 (quoting Dkt. No. 187 at 12). Defendants allege that Plaintiff's continued pursuit of his weak claims undermines any argument that good cause exists for deviating from the general rule that costs should be awarded to a prevailing party. *See id.* at 5.

Having considered the parties submissions and the applicable law, the Court finds that Defendants' motions should be denied. Among the factors that courts consider in deciding whether to tax costs are a plaintiff's indigency or financial hardship and the plaintiff's good faith in bringing the action. *See Jones v. General Bd. of United Methodist Church*, No. 96 Civ. 5462, 1997 WL 639027, *1 (S.D.N.Y. Oct. 15, 1997) (citing cases); *see also County of Suffolk v. Secretary of Interior*, 76 F.R.D. 469, 473 (E.D.N.Y. 1977); *Williams v. Hevi–Duty Electric Co.*, 122 F.R.D. 206, 214 (M.D. Tenn. 1988); *Ferguson v. McDonnell Douglas Servs., Inc.*, No. 94-cv-39, 1996 WL 705875, *1 (N.D.N.Y. Nov. 29, 1996); *Maldonado v. Parasole*, 66 F.R.D.388 (E.D.N.Y. 1975); *Moore v. Hughes Helicopters*, 708 F.2d 475, 486 (9th Cir. 1983).

In this case, Plaintiff is an individual litigant with extremely limited resources and considerable medical expenses, while Defendants are large corporations. Further, contrary to Defendants' assertions, the case was litigated in good faith. Through summary judgment, Plaintiff's counsel vigorously prosecuted this action and, having discovery split into two separate phases, costs for all parties were necessarily reduced. The Court "also recognizes the concern that taxing costs to plaintiffs with few resources may serve to 'chill individual litigants of modest means seeking to vindicate their individual and collective rights.'" *Ferguson*, 1996 WL 705875, at *1 (quoting *Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666, 680 (N.D. Cal. 1980)).

Having considered all of the relevant factors, the Court finds that it would be inequitable to tax costs against Plaintiff.

4

## III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motions for taxation of costs (Dkt. Nos. 178 & 179) are **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 24, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge